| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF ALASKA**<br><br>PETITION FOR<br>WRIT OF *HABEAS CORPUS*<br>[28 U.S.C. § 2254] | **COURT USE ONLY** |

Name:  John W. Berge III                    Prisoner No.  385437

Place of Confinement:    Florence Correctional Center / Correctional Corp. of America
1100 Bowling Rd., P.O. Box 6200
Florence, AZ 85232

Name of Petitioner (include name under which convicted)     Respondent (authorized person having custody of petitioner **not the State of Alaska**)

John W. Berge III    V.    MARK ANTRIM, Commissioner of Alaska Department of Corrections, and FRANK LUNA, Warden of Florence Correctional Center.

## PETITION

1.  Name and location of the court that entered the judgment of conviction under attack:

    Alaska Superior Court First Judicial District at Ketchikan


2.  Date of Judgment of Conviction:    8/13/98

    Case Number    1KE-97-1085 CR

3.  What was your Plea? (Check one)

    Guilty ☐    Not Guilty ☒    Nolo Contendere ☐

    a.  If you entered a guilty plea to one count of the indictment and a not guilty plea to another count give

    details:    N/A

_____

_____

_____

_____

b.  If you entered a plea of guilty under a plea bargain agreement state the terms and conditions of the
    agreement:    N/A    _____

_____

_____

_____

_____

4.  Were you sentenced on more than one count of an indictment, in the same court at the same time?

    Yes ☒  No ☐

5.  What was (were) the count(s) of which you were convicted? (All Counts)    _____

    Count I - Murder in the First Degree  AS 11.41.100(a)(1)

    Count II - Theft in the Second Degree  AS 11.46.130(a)(2)

    Count III - Tampering with Physical Evidence AS 11.56.610(a)(1)

6.  Type of Trial (Check one only)  Jury ☒  Judge Only ☐

7.  Did you testify at trial?  Yes ☒  No ☐

8.  Length of sentence  Count I - 60 yrs.; Count II - 1yr.; Count III - 1yr

9.  Do you have any **future state court sentence** to serve after you complete the sentence imposed by

    the judgment under attack?  Yes ☐  No ☒

    If "yes," you must add the state's Attorney General as an additional respondent.  If you have a sentence to be
    served now or in the future under a **federal** judgment that you wish to attack, you should file a motion under 28
    U.S.C. § 2255, in the federal court that entered the judgment.

    a.  **If yes,** give the name and location of the court that imposed the sentence to be served in the future:

        N/A

    b.  Length of sentence    N/A    Date to begin    N/A

    c.  Have you filed, or do you contemplate filing, any petition attacking the judgment that imposed the

        sentence to be served in the future?  Yes ☐  No ☐    N/A

10.    Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐  No ☒

    a.    If yes, Docket No. (if you know) _____N/A_____

    b.    Result:  __N/A_____

        _____

    c.    Date of Result:  ____N/A_____

    d.    Case Citation (if you know)  ____N/A_____

    e.    Grounds raised:  ___N/A_____

        _____

        _____

        _____

        _____

*CAUTION: In order to proceed in federal court, you must first **exhaust** your state court remedies as to each ground on which you request action by the federal court.* You are cautioned that there is a **one-year limitations period** in which to file a habeas petition in federal court, and that a petition brought under § 2254 will be dismissed if not brought within that period, unless there are "extraordinary circumstances" beyond your control that made it impossible to file your petition on time. The one year limitations period is tolled (suspended) during any **state** court post-conviction proceedings.[1] If you file a petition in federal court before you have fully exhausted your claim(s) in state court, the federal petition will **not** toll the statute of limitations.

---

[1]  28 U.S.C. § 2244(d)(1): A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.



11. If your judgment of conviction became final over one year ago, explain why the one-year statute of limitations does not bar your petition: _____

The one year time limit is not tolled while proceeding with
Post Conviction Relief.  The applicable time expired has not
yet exceeded one year.

| | | | | |
|---|---|---|---|---|
| DIRECT APPEAL | Case No. | A-7142 | Denied | 8/2/00 |
| | | S-09811 | Denied | 10/17/2000 |
| POST CONVICTION | | 1KE-01-122CI | filed | 3/5/01 |
| | | | Denied | 8/25/03 |
| | | A-8683 | Denied | 4/20/2005 |
| | | S-1184 | Denied | 8/19/2005 |

## GROUNDS FOR RELIEF

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  You may also have grounds that are not listed here.  Do not check any of these listed grounds. If you select any of these grounds for relief, you must allege **facts**.  The petition will be returned to you if you merely check specific grounds.

 a. Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea.

 b. Conviction obtained by use of coerced confession.

 c. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

 d. Conviction obtained by use of evidence gained pursuant to an unlawful arrest.

 e. Conviction obtained by a violation of the privilege against self-incrimination.

 f. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

 g. Conviction obtained by a violation of the protection against double jeopardy.

 h. Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

 i. Denial of effective assistance of counsel.

 j. Denial of right of appeal

**State each ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize *briefly and concisely* the facts supporting each ground. If you claim more than three grounds, make copies of blank pages 5 - 6, and attach those pages stating additional grounds and *facts* that support those grounds. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a future action.**

12.    **Ground 1** (a – j)  N/A  (just one), or other:  Trial counsel was ineffective for
failing to file a motion to suppress a Glass Warrant (cont. on p.5a)

    **Supporting FACTS** (State *briefly*, without citing cases or law)    Robert Dickerson testified
infront of the judge inorder to provide probable cause for the
Glass Warrant issued to record conversations between Dickerson
and petitioner. (Exc. 8-36, Glass Warrant Application)[1]
Dickerson's testimony was of his recollections and perceptions
of what petitioner had told him.  Dickerson had no personal
knowledge.  This is hearsay testimony.  Alaska holds that the
Aguilar-Spinelli test continues to govern hearsay testimony.
The Alaska Court of Appeals denied this issue stating that
since Dickerson testified personally in front (continue on p.5a)

13.    **Exhaustion of state court remedies regarding Ground 1:**

    ☐    **Direct Appeal:**

a.    Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

    Yes ☐  No ☒  Result:   N/A

    Case No.  N/A          Date of Decision:   N/A

    If no, why not?    The issue was not preserved for Direct Appeal.

b.    Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

    Yes ☐  No ☒  Result:   N/A

    Case No.  N/A          Date of Decision:   N/A

    If no, why not?    The issue was not preserved for Direct Appeal.

    ☐    **Post-Conviction:**

c.    Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

    Yes ☒  No ☐  Name of Court:  Alaska Superior Court at Ketchikan

    Case No.  1KE-01-122 CI        Date Petition Filed   3/5/01

12.  **ground 1:** (continued from p.5)  issued to record

conversations between Mr. Berge (petitioner) and Robert

Dickerson.

**Supporting FACTS:** (continued from p.5)  of the judge, the

judge could determine his veracity. (Memorandum Opinion #4982

p.7)  This only satisfies one prong of Aguilar-Spinelli.  The

other prong is the reliability (truthfulness) of the hearsay

information (petitioner's story).  At the time of the Glass

Warrant Application, Taylor's (the victim) death had been

investigated, an autopsy performed, and his death pronounced

accidental. (Exc. 2)  This was testified to during the Glass

Warrant Application. (Exc. 13-14)  There was no crime or

suspicion of a crime.  Without some corroboration Dickerson's

hearsay testimony can not be used for Probable Cause.  The

Court of Appeals quotes McLaughlin vs. State, 818 P.2d 683,

686 (Alaska App. 1991) to uphold it's decision.  However, this

is misplaced.  In McLaughlin (id) the informant testified to

Direct Personal Experience which was also corroborated by

police observation and hard evidence.  There was no hearsay

involved.

---

[1] Hereinafter, through out this petition, (Exc.__) shall refer to
the Excerpt of Record submitted by petitioner to the Alaska
Court of Appeals, Case No. A-8683.

Did you receive an evidentiary hearing?   Yes ☐ No ☒

Result   Denied _____   Date of Result: 8/25/03

If you did not raise this issue, why not?   N/A _____

d. Did you appeal *this issue* to the Alaska Court of Appeals?   Yes ☒ No ☐

Result:   Denied _____

Case No. A-8683 _____   Date of Result: 4/20/05

If no, Why not?   N/A _____

e. Did you appeal *this issue* to the Alaska Supreme Court?   Yes ☒ No ☐

Result:   Petition for Hearing Denied _____

Case No. S-11834 _____   Date of Result: 8/19/05

If no, Why not?   N/A _____

☐   **Other Proceedings:**

f. Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

overturned based on *this issue* (such as administrative remedies)?   Yes ☐ No ☒

If yes, explain:   N/A _____

_____

_____

_____

14.   **Ground 2** (a – j)  N/A  (just one), or other: Violation of 5th Amendment -

Miranada Rights. _____

**Supporting FACTS** (State *briefly*, without citing cases or law)   A Complaint had been filed

with Supporting Affidavit by police and an Arrest Warrant

issued.  Police apprehended petitioner pursuant to serving the

Arrest Warrant.  Prior to serving the Arrest Warrant police

interrogated petitioner in their van. (Exc. 57-67, Police

Arrest Interrogation)  During the interrogation police read
petitioner the Miranda Warnings, however, they did not
question petitioner as to his understanding nor did they seek
or obtain a waiver. (Exc. 59-60)  In a pre-trial Motion to
Dismiss on these grounds trial court       (continued on p.7a)

15.   **Exhaustion of state court remedies regarding Ground 2:**

☐   **Direct Appeal:**

a.   Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

Yes ☒ No ☐   Result:   Issue was denied.

Case No. A-7142            Date of Decision:   8/2/2000

If no, why not?      N/A

b.   Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

Yes ☒ No ☐   Result:   Petition for Hearing was Denied.

Case No. S-09811            Date of Decision:   10/17/2000

If no, why not?      N/A

☐   **Post-Conviction:**

c.   Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

Yes ☐ No ☒   Name of Court:   N/A

Case No.   N/A                  Date Petition Filed   N/A

Did you receive an evidentiary hearing?   Yes ☐ No ☐   N/A

Result   N/A                  Date of Result:   N/A

If you did not raise this issue, why not?   Issue was not applicable for post
conviction relief.

d.   Did you appeal *this issue* to the Alaska Court of Appeals?   Yes ☐ No ☒

Result:   N/A

Case No.   N/A                  Date of Result:   N/A

**14.  Supporting FACTS:** (continued from p.7)

upheld the validity of the interrogation holding that the

interrogation was non-custodial. (Exc. 135, Memorandum and Order

Case No. 1KE-97-1085CR)  Petitioner appealed.  The Court of Appeals

waived the custodial issue. (Exc. 161, Memorandum Opinion and

Judgement #4254, p.6)  However, they did find an implied waiver

and so upheld the validity of the interrogation. (Exc. 159-163,

Memorandum Opinion and Judgement #4254, p.4-8)

During the interrogation Trooper McPherron read petitioner

the Miranda Warning, then asked "Do you understand everything I

just read to you right?"  Petitioner said "Read it again.".

McPherron did.  Petitioner said "Okay".  McPherron said "Okay".

Trooper Oscar Siegfried immediately plowed ahead with the interro-

gation. (Exc. 59-60)  The Court of Appeals imbued petitioner's

"Okay" with the meaning that petitioner waived his rights inspite

of the fact that there was no further questioning concerning

comprehension and no waiver was sought by the trooper's.

Petitioner's "Okay" was most reasonably simply a response to the

fact that Trooper McPherron had read the Miranda Warning a second

time.

Petitioner's final statement at the close of the interrogation

was: "I've got nothing more to say, if your going to charge me,

charge me, get me a lawyer." (Exc. 66)  Note that in this state-

ment there is no reference to the Miranda Warnings that had been

read.  Nor is there a demonstrated comprehension of those rights.

Here petitioner's statement that he must be charged inorder to have

(continued on p.7b)

-7a-

legal counsel certainly does not demonstrate comprehension of his right to counsel as was offered in the Miranda Warning.  There was no valid waiver.

If no, Why not?     N/A

e.  Did you appeal *this issue* to the Alaska Supreme Court?   Yes ☐ No ☒

Result:     N/A

Case No.     N/A                          Date of Result:     N/A

If no, Why not?     N/A

☐     **Other Proceedings:**

f.  Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

overturned based on *this issue* (such as administrative remedies)?   Yes ☐ No ☒

If yes, explain:     N/A

16.  **Ground 3** (a – j) N/A (just one), or other:  Trial counsel was ineffective for
failing to obtain a ruling on Berge's 6th Amendment claim.

**Supporting FACTS** (State *briefly*, without citing cases or law)  Prior to and during the
Police Arrest Interrogation (Exc. 57-67) the police never
informed petitioner of the fact of charges having been filed
and an Arrest Warrant for Murder having been issued.
Petitioner was arrested at the conclusion of the interogation.
Failure to inform a suspect that charges have been filed
precludes a valid waiver.  Trial Court denied a pre-trial
Motion to Dismiss on these grounds (Exc. 90-92, 131-132), but
did not make a written comment (Exc. 135, Memorandum and Order
Case No. 1KE-97-1085CR).  The Court of Appeals ruled that the
issue had not been preserved for Direct     (continue on p.8a)

**16.  Supporting FACTS:** (continued from p.8)

Appeal since petitioner's trial attorney had not pressed the judge

for a written comment. (Exc. 163, Memorandum Opinion and Judgement

#4254, p.8)  The Alaska Supreme Court denied the Petition for

Hearing 10/17/00.

This issue was again raised in a pro se 35.1 Post Conviction

Relief claiming ineffective assistance of counsel.  The Superior

Court denied this issue stating:

> "[t]here has been no definitive position taken in this
> state on whether the right to counsel attaches at the
> time a complaint is issued.  Instead, Alaska's courts
> have held more generally that the right to counsel
> attaches when the person's status changes from that of
> a suspect in an investigation to that of an accused in
> a criminal prosecution.  See CARR vs. STATE, 840 P.2d
> 1000, 1005 (Alaska App. 1992).  As such, it is imposs-
> ible to conclude that the Sixth Amendment claim would
> have been successful and, therefore, Berge has failed
> to set forth a prima facie claim of ineffective
> assistance of counsel." (Exc. 312)

This ruling was appealed.  The Alaska Court of Appeals waived this

ruling, Memorandum Opinion #4982 p.15.  Adversarial Judicial

Proceedings had commenced with the filing of the complaint and the

issuance of the arrest warrant.  The Police Arrest Interrogation

was a critical stage.  The Sixth Amendment Right to Counsel had

attached.  However, the Alaska Court of Appeals denied the appeal

claiming that it's prior ruling from the Direct Appeal finding a

Fifth Amendment waiver via an implied understanding of the Miranda

Warnings was sufficient to waive the Sixth Amendment Right to

Counsel. (Memorandum Opinion #4982, p.15)  Petitioner appeals this

ruling.

The issue is not whether a waiver of the  (continue on p.8b)

-8a-

Miranda Warnings can suffice for a Sixth Amendment waiver. Rather it is the fact that when the trooper's intentionally withheld the fact that charges had been filed and of his arrest for murder, petitioner did not have sufficent knowledge to knowingly, voluntarily and intelligently waive his Sixth Amendment right to counsel.

While no confession was obtained, this Police Arrest Interrogation was the state's vehicle for considerable illegal and irreversible harm done to petitioner at trial. FIRST, it introduced two of petitioner's attempts to cut off questioning by claiming silence. This was highly prejudicial. SECOND, the state raised the claims of silence in cross examination and used them to impeach petitioner's jury credibility. THIRD, this interrogation contained the trooper's accusations posed as facts:

> "[W]e know you're the one that shot him (Taylor). Shot him with a .243." (Exc. 64)

> "Ernie was shot. We know he was shot four times, we know you were there. The time he was shot. We even know you've gone back since the shooting." (Exc. 65)

In fact, the trooper's knew no such thing. This is what they had gleaned from the Glass Warrant Tape. It does, however, provide much needed FALSE official corroboration for the state's case.

The Alaska Supreme Court denied the Petition for Hearing on 8/19/05.

17.    **Exhaustion of state court remedies regarding Ground 3:**

☐    **Direct Appeal:**

a.  Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

Yes ☒ No ☐    Result:  Issue not preserved for Direct Appeal; this

Case No.  A-7142          Date of Decision:  8/02/2000

If no, why not?      N/A

b.  Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

Yes ☒ No ☐    Result:  Petition for Hearing Denied

Case No.  S-09811          Date of Decision:  10/17/2000

If no, why not?      N/A

☐    **Post-Conviction:**

c.  Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

Yes ☒ No ☐    Name of Court:  Alaska Superior Court at Ketchikan

Case No.  1KE-01-122 CI      Date Petition Filed    3/5/01

Did you receive an evidentiary hearing?    Yes ☐ No ☒

Result:  Issue denied          Date of Result:  8/25/03

If you did not raise this issue, why not?      N/A

d.  Did you appeal *this issue* to the Alaska Court of Appeals?    Yes ☒ No ☐

Result:  Issue denied

Case No.  A-8683          Date of Result:    4/20/05

If no, Why not?      N/A

e.  Did you appeal *this issue* to the Alaska Supreme Court?    Yes ☒ No ☐

Result:   Petition for Hearing denied

Case No.  S-11884          Date of Result:    8/19/05

If no, Why not?    N/A
_____
_____

☐    **Other Proceedings:**

f.    Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

overturned based on *this issue* (such as administrative remedies)?    Yes ☐ No ☒

If yes, explain:    N/A
_____
_____
_____

(See page 10a for **Ground 4**)

18.    Have *all grounds* raised in this petition been presented to the highest state court having jurisdiction?

Yes ☒ No ☐

a.    If no, which grounds have not been presented?    N/A
_____

b.    Explain reasons for not presenting grounds:    N/A
_____
_____

**Attach a copy the highest state court written decision(s) regarding this conviction.**

If you have not attached copies of your state court written decision(s), why not?    N/A
_____
_____

**SUCCESSIVE PETITIONS**

19.    Is this the first *federal* petition for writ of *habeas corpus* challenging this conviction?    Yes ☒ No ☐

a.    If no, in what court was the prior action filed?    N/A
_____    Case No.    N/A

b.    Was the prior case: (Check one)    Denied on the merits ☐ or Dismissed on procedural grounds ☐ N/A

c.    Date of decision    N/A

d.    Are there any issues raised in this petition that were raised in the prior petition?    Yes ☐ No ☐    N/A

e.    If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to

file this successive petition?    Yes ☐ No ☐    N/A

Ground 4 (a – j) N/A (just one), or other:  Trial Counsel was ineffective for
allowing the admission of evidence of and (continued on p.10b)

Supporting FACTS (State *briefly*, without citing cases or law)    Defense trial attorney had
moved in a pre-trial Motion to Suppress (Exc. 76), with Oral
Arguments (Tr. 2-101),$^2$ the Police Arrest Interrogation (Exc.
56-67) claiming 5th and 6th Amendment violations.  Failing in
his motion, trial attorney filed a pre-trial Motion for
Protective Orders (see Superior Court, Case No. 1KE-01-122 CI,
State Exhibit C) which on p.4 states as it's reason that
petitioner's silence should not be used against him.  At trial,
the State introduced, over trial objection (Tr. 239), the
Police Arrest Interrogation.                (continued on p.10b)

13.    **Exhaustion of state court remedies regarding Ground 4 :**

☐    **Direct Appeal:**

a.  Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

Yes ☒  No ☐  Result:  Issue denied.

Case No.  A-7142            Date of Decision:  8/2/00

If no, why not?      N/A

b.  Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

Yes ☒  No ☐  Result:  Petition for Hearing denied.

Case No.  S-09811        Date of Decision:  10/17/00

If no, why not?      N/A

☐    **Post-Conviction:**

c.  Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

Yes ☒  No ☐  Name of Court:  Alaska Superior Court at Ketchikan

Case No.  1KE-01-122 CI        Date Petition Filed    3/5/01

USDC, Alaska
PS03                          Continuation Sheet Page              § 2254 Petition
                                                                  Effective 10/03

**Ground 4**  (continued from p.10a)

and not objecting to comment on defendant's exercise of his constitutional right to silence.

**Supporting FACTS**  (continued from p.10a)

Trial attorney's designated stopping point left two of four claims of silence intact.  This was ineffective.  The State raised these claims of silence during cross examination and used them to impeach petitioner's credibility. (Tr. 592-593)  Defense failed to object.  This was ineffective.

This issue was raised on Direct Appeal claiming Plain Error. The Alaska Court of Appeals denied the issue creating a tactical justification:

> "Given the fact that this portion of the interview can reasonably be viewed as supporting Berge's defense, we conclude that the record does not rule out the possibility that Berge's attorney made a tactical decision to allow the jury to hear this evidence and to take the risk that Berge would be cross-examined regarding these statements.  Thus we find no Plain Error." (Exc. 169, Memorandum Opinion and Judgement #4254, p.14)

Following the Direct Appeal this issue was raised in a pro se Post Conviction Relief claiming ineffective assistance of counsel.  The Superior Court did not comment on trial attorney's ineffectiveness in allowing the two claims of silence to be admitted and stated that since trial counsel had stipulated the stopping point of the interrogation any objection to the State's (continue on p.10c)

---

[2]Hereinafter, throughout this petition, (Tr.__) shall refer to the Trial Transcript.

-10b-

questioning would have been over ruled. (Exc. 312-313, Memorandum and Order 8/25/03, Case No. 1KE-01-122 CI, p.4-5)  This ruling was appealed.

The Alaska Court of Appeals denied this issue by creating another, and different, tactical decision:

> "[t]he prosecutor's questions gave Berge a chance to reiterate the basic defense theme ..." (Memorandum Opinion #4982, p.20)

This is nonsense.  Petitioner's credibility had already been impeached by playing the tape with the claims of silence and by the prosecutor's denigerating comments.  Further, this totally ignores trial counsel's affidavit statement:

> "I did not object to the prosecutor's questions regarding 'that's all I have to say'.  There was no strategic reason behind not objecting, other than perhaps I did not belive it was an objectionable question at the time." (Exc. 198-199, Affidavit of Counsel, #5)

The State's examination and prejudicial comment's on petitioner's claim's of silence, saved for the end of the cross examination, the last evidence considered by the jury prior to it's verdict (Exc. 148), resulted in a complete torpedoing of petitioner's credibility.

The Alaska Supreme court denied the Petition for Hearing on 8/19/2005.

(continued on p.10d)

-10c-

Did you receive an evidentiary hearing?    Yes ☐    No ☒

Result        N/A                                          Date of Result:        N/A

If you did not raise this issue, why not?        N/A

---

d.  Did you appeal *this issue* to the Alaska Court of Appeals?    Yes ☒    No ☐

Result:        Issue denied

Case No.    A-8683                        Date of Result:        4/20/05

If no, Why not?        N/A

---

e.  Did you appeal *this issue* to the Alaska Supreme Court?    Yes ☒    No ☐

Result:        Petition for Hearing denied

Case No.    S-11884                        Date of Result:        8/19/05

If no, Why not?        N/A

---

☐    **Other Proceedings:**

f.  Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence overturned based on *this issue* (such as administrative remedies)?    Yes ☐    No ☒

If yes, explain:        N/A

---

**Ground 5** (a – j) <u>N/A</u> (just one), or other:  <u>Trial counsel was ineffective for</u>
<u>failing to conduct an adequate investigation.</u>

**Supporting FACTS** (State *briefly*, without citing cases or law)    <u>The Glass Warrant Tape</u>
<u>(Exc. 37-53, Glass Warrant Tape Transcript) captured Berge's</u>
<u>(petitioner's) Bar Room Story of shooting Taylor.  The State</u>
<u>based it's case on this story.  The Glass Warrant Tape is</u>
<u>played at trial. (Tr. 239)  From the Glass Warrant Transcript,</u>
<u>(Exc. 50):</u>

<u>Berge:  "He was on a fuckin' boat, you know, 60 feet</u>
<u>away, 80 feet away."</u>

*        *        *

<u>Berge: "Cause when I shot him, I got two (continued on p.10f)</u>

13.  **Exhaustion of state court remedies regarding Ground 5:**

☐    **Direct Appeal:**

a.  Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

Yes ☐  No ☒  Result:  <u>N/A</u>

Case No. <u>N/A</u>     Date of Decision:  <u>N/A</u>

If no, why not?   <u>Issue not preserved for Direct Appeal.</u>

b.  Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

Yes ☐  No ☒  Result:  <u>N/A</u>

Case No.  <u>N/A</u>     Date of Decision:  <u>N/A</u>

If no, why not?   <u>Issue not preserved for Direct Appeal.</u>

☐    **Post-Conviction:**

c.  Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

Yes ☒  No ☐  Name of Court:  <u>Alaska Superior Court at Ketchikan</u>

Case No. <u>1KE-01-122 CI</u>     Date Petition Filed  <u>3/5/01</u>

USDC, Alaska
PS03

Continuation Sheet Page

§ 2254 Petition
Effective 10/03

-10e-

**Supporting FACTS**  (continued from p.10e)

> rounds through the mother-fucker, and he jumped in the
> fuckin' water.  He was in the water.  I was on the beach."

Trooper McPherron describes the shooting scenario at trial:

> Trp. McPherron:  "He said he was on the beach when he
> fired, and Ernie Taylor was in a boat.  In a skiff when
> he shot at him."
>
> Prosecutor:  "And about how far?"
>
> Trp. McPherron:  "Oh, he estimated the range from 60 to
> 80 feet."
> (Tr. 243-244)

Trooper McPherron describes the location of the log float where
Taylor's body and the spent 30-30 caliber 170 grain bullet that
went through Taylor (Tr. 392, 453-69) as being 75-100 yards from
the nearest beach where the shooting could have occured. (Tr. 249
-251)

Mr. West (prosecutor) in his trial cross examination of
Berge summarizes the shooting as Berge tells it in the Glass
Warrant Tape:

> Prosecutor:  "Okay. And do you remember saying, quote,
> he was on a fucking boat, you know, 60 feet away, 80
> feet away, you know.  Because when I shot him, I got
> two rounds through the motherfucker and he jumped in
> the fucking water.  He was in the water and I was on
> the beach. ..." (Tr. 585)

Again, Mr. West, in his trial closing for the State summarizes
the shooting as told in the Glass Warrant Tape:

> Prosecutor:  Mr. Berge says he was on a fucking boat,
> you know, 60 to 80 feet away, you know, because when I
> shot him, I got two rounds through the motherfucker.
> He jumped in the fucking water, he was in the water and
> I was on the beach." (Tr. 697)

Berge was found guilty of murder based on this shooting scenario.
(continue on p.10g)

This is a picture of that shooting scenario as it necessarily
would have had to have happened.  Note that the bullet entered
Taylor's left posterior cheek, traveled through his body and
exited his right front chest.  Hence, Taylor would have been bent
over at the waist for this shot to have happened. (See State
autopsy results, Exc. 277-81)



At trial Mr. Seid (defense counsel) pointed out various
inconsistencies that he had noted between the shooting scenario
in Berge's Bar Room Tale and what had demonstrably occured.
(Tr. 664)  Yet, Mr. Seid is not an expert to analyze a shooting
scenario to prove or disprove it's scenario of action.

Mr. West in his final closing for the state does an
excellent job of rebutting each point Seid raised to the extent
that although the facts were incongrous they could be accepted
with the spin Mr. West put on them.  This includes Dickerson's
adamantly consistent testimony that Berge first started telling
Dickerson his tale in early to mid-July right after returning
from Dall Bay with Skip Gist's dogs and Seid nailing this date to
between 6 and 14 July with evidence and testimony. (Tr. 672-673)
Taylor most likely died the first week of August. (Tr. 665-66,
(continue on p.10h)

672-675; Appellant's Opening Brief, Alaska Court of Appeals No.
A-8683, p.2)  West, in his closing, disregards the truth of this
evidence and suggest to the jury that Seid is tricking them. (Tr.
687-688)

In spite of the incongruity of the facts vs. the story, no
one asked the **BIG** question - was Berge's shooting scenario
actually possible?  This is a very basic question that should
have been asked.  Obviously the State didn't.  But, Mr. Seid
should have.  It was his job.

Mr. Nixon of "Athena Research & Consulting LLC" was hired
for this appeal as a highly qualified expert.  See Mr. Nixon's
"Cirriculum Vitae" (Exc. 295-300).  Using the data of a scientific
ballistics penetration test which showed that a 30-30 cal. 170
grain bullet could penetrate a jell block no more than $17\frac{1}{2}$ inches
(Exc. 261, 265 at 5 References [1]) and the State's autopsy data
which showed a total bullet path through Taylor of 17 inches
(Exc. 260, 277-81) Mr. Nixon came to this conclusion:

> "[I] am convinced that the incident which is the subject
> of this case could not have happened as originally assumed
> /discribed.  It is my professional opinion that a far
> more likely scenario exists; - that the victim was shot very
> near to where the bullet was found, the bullet having
> barely sufficient residual velocity to exit the body and,
> consequently, falling within a foot or two of the victim."
> (Exc. 257, 264)

This is a picture of the shooting using Mr. Nixon's findings:



(continued on p.10i)          -10h-

This is riveting testimony for the jury, which the jury never had. It completely disproves Berge's Bar Room Tale.

Far from simply "bolstering" Mr. Seid's defense (Memorandum Opinion #4982, p.25) Mr. Nixon's finding, standing alone, defeats the State's case against Berge which consisted of nothing more than a braggadocios bar room story told for drinks. This expert testimony would have made Seid's case by showing the factual impossibility of Berge's story.

The fact is that the State introduced the Glass Warrant Tape as it's evidence that Berge killed Taylor and relied upon the story in this tape to convict Berge. There was no other evidence or witness testimony connecting Berge to the crime. The question of whether Berge's bar room shooting scenario was even possible was a critical question that needed to be asked - yet never was. That is ineffective investigation, and that is ineffective assistance of counsel.

The State introduced 86 exhibits and 21 witnesses which included expert's in medicine, forensics, criminalists, etc.. Mr. Seid was a Public Defender. Considering the inconsistencies Mr. Seid noted between the facts and the story, which further justifies the use of an expert, it is ridiculous to say that the State Public Defender Agency could not afford an expert for an adequate investigation. (Memorandum Opinion #4982, p.26) The fact is, Seid did not consider the use of an expert. Mr. Seid in his affidavit states:

(continue on p.10j)

"I did not attempt to get an expert regarding the bullet
trajectories and related topics.  I did not consider
this kind of expert during trial preparation."
(Exc. 206 #4)

If the expert's results showing the impossibility of this

shooting scenario had been obtained prior to trial, a Motion to

Dismiss all charges for lack of evidence should have been granted.

Given that this new evidence completely refutes the evidence

used for prosecution, Mr. Berge is entitled to reversal of his

conviction and unconditional release.  Retrial is barred as a

matter of law and constitutional right.

Did you receive an evidentiary hearing?    Yes ☐   No ☒

Result   Issue denied                                    Date of Result:   8/25/03

If you did not raise this issue, why not?         N/A


d.  Did you appeal *this issue* to the Alaska Court of Appeals?    Yes ☒   No ☐

Result:    Issue denied

Case No.   A-8683                    Date of Result:   4/20/05

If no, Why not?         N/A


e.  Did you appeal *this issue* to the Alaska Supreme Court?    Yes ☒   No ☐

Result:    Petition for Hearing denied

Case No.   S-11884                    Date of Result:   8/19/05

If no, Why not?         N/A


☐    **Other Proceedings:**

f.  Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

overturned based on *this issue* (such as administrative remedies)?    Yes ☐   No ☒

If yes, explain:         N/A

If yes, please attach a copy of the order.        Attached?   Yes ☐  No ☐   N/A

**\*\*\* YOU MUST OBTAIN PERMISSION BEFORE FILING YOUR SUCCESSIVE PETITION. \*\*\***

20.    Give the name and address, if known, of each attorney who represented you in the following stages of the judgment being attacked:

a.  Preliminary Hearing ____There was no Preliminary Hearing____

_____

b.  Trial ____David M. Seid, Assistant Public Defender____

____Box 110216____

____Juneau, AK  99811-0216____

c.  Sentencing ____David M. Seid, Assistant Public Defender____

____Box 110216____

____Juneau, AK  99811-0216____

d.  Appeal ____James H. McComas, ABA #8810170____

____1227 W. 9th Ave., Suite 201____

____Anchorage, AK  99501____

e.  Post-conviction Proceeding ____initially Vern Keller, address unknown;____

____Michael J. Zelensky, P.O. Box 23313, Ketchikan, AK 99901;____

____moved Pro Se 5/2/03____

f.  Appeal from adverse ruling in Post-Conviction Proceeding ____Pro Se____

_____

21.    Do you have any petition, application, motion or appeal (or by any other means) now pending in any court regarding the conviction that you are challenging in this action?   Yes ☒  No ☒

If yes, state the name of the court and the nature of the proceedings: _____

Superior Court of the Third Judicial District of Alaska

Case No. 3AN-05-12831 CI, filed October 19, 2005.  A Writ of

Habeas Corpus claiming unconstitutional State law in effect at

the time of petitioner's case deprived him of right's

guaranteed by the 5th, 6th, and 14th USC Amendments rendering

his trial invalid and the judgement against him void.

Date you are mailing (or handing to correctional officer) this petition to the Court: _____

WHEREFORE, petitioner prays that the Court grant petitioner such relief to which petitioner is entitled

in this federal petition for writ of habeas corpus under 28 U.S.C. § 2254 by a person in state custody.


_____
Signature of Petitioner

N/A
_____
Signature of Attorney (if any)

N/A
_____
(Signature of person who prepared this petition, if not Petitioner)

N/A
_____
Typewritten/Printed Name of Attorney

N/A
_____
Typewritten/Printed Name of Person who prepared this petition

Address of Attorney:

N/A
_____

Address of Person who Prepared Petition:
N/A
_____

**DECLARATION UNDER PENALTY OF PERJURY**

I understand that a false statement or answer to any question in this declaration will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

FCC/CCA, P.O. Box 6200

Executed at: Florence, AZ  85232 _____  Date: 11/28/2005
Location where signed


_____
Signature of Petitioner

385437
_____
Inmate Number