

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN W. BERGE III,<br><br>Petitioner,<br><br>vs.<br><br>MARK ANTRIM, et al.,<br><br>Respondents. | Case No. A05-0290 CV (JWS)<br><br>ORDER DIRECTING<br>SERVICE AND RESPONSE |

On , December 12, 2005, John W. Berge III, a self-represented state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] Mr. Berge alleges that his conviction in the Superior Court for the State of Alaska was unconstitutionally obtained, and that each ground on which his petition is based has been raised in the state courts, up through and including the Alaska Supreme Court, and that he has been denied relief, thus exhausting his available state court remedies as required by § 2254(b).

---

[1] See Docket No. 1.

Therefore, under Rules 4, 5 and 8(b) of the Rules Governing § 2254 Proceedings in the United States District Court, **IT IS HEREBY ORDERED**:

1. By agreement between the Court and the Office of Special Prosecutions and Appeals, the Office of Special Prosecutions and Appeals will accept service on behalf of Respondents.[2] The Clerk of Court is directed to serve a copy of the petition, at docket number 1, and this Order, on:

   Douglas Kossler
   Office of Special Prosecutions and Appeals
   310 K Street, Suite 308
   Anchorage, Alaska 99501

2. Mr. Berge's application for appointment of counsel, at docket number 2, is GRANTED. Under the Criminal Justice Act,[3] the Federal Public Defender for the District of Alaska shall designate counsel from the CJA Panel or the Federal Public Defender's office to represent Mr. Berge in this case. Once designated, appointed counsel will immediately file a notice of appearance.

3. Counsel for Mr. Berge shall then review the record, confer with him, and file any amended § 2254 petition, on or before **January 16, 2006**. In the alternative, counsel shall file a notice that no amended petition will be filed at this time.

---

[2] Waiving Federal Habeas Corpus Rule 4 (§ 2254 cases), regarding service on the respondent.

[3] *See* 18 U.S.C. § 3006A.

4. In addition, on or before **January 16, 2006**, counsel for Mr. Berge will submit a notice of the current status of Mr. Berge's state court case, and an explanation of whether Mr. Berge's current petition in this Court should be stayed[4] in light of the United States Supreme Court's decision in *Rhines v. Weber*.[5]

5. Respondents shall have until **February 16, 2006**, to file an answer or other responsive pleading, unless this case is stayed. Respondents shall state whether they dispute any claim that Mr. Berge has exhausted his available state court remedies on the grounds alleged in the petition. If exhaustion is contested, Respondents shall present a memorandum of law supporting that position. If exhaustion is not contested, they shall respond to the merits of the petition. Where appropriate, Respondents shall file with the Court:

---

[4] *See* Docket No. 3.

[5] *Rhines v. Weber*, 125 S.Ct. 1528, 1535 (2005) ("[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ... In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.") (citations omitted).

(a) certified copies of all pertinent findings and orders of Alaska State Court proceedings or decisions which have challenged the legality of Petitioner's confinement; (b) the transcript of those proceedings where necessary to fully reflect issues passed upon and the nature and extent of the hearings afforded Petitioner; and (c) Alaska Court of Appeals or Alaska Supreme Court decisions, and citations to published opinions, passing upon the same.

6. The Court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing within 30 days after the date Respondent files an answer. The motion must contain a clear and concise statement of (a) the necessity of the hearing, including why the evidence in the record is not sufficient; **and** (b) why the state court hearing (if any) was not fair or adequate.[6]

7. This case is referred to Magistrate Judge Roberts to hear and decide all procedural or discovery motions and other pre-trial matters, and to give the Court his report and recommendation as to the proper disposition of the case, as well as whether this case should be stayed pending the outcome of Mr. Berge's state court case,[7] under Local Magistrate Rule 4(4).

8. No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with

---

[6] See D. Ak. HCR 8.1.

[7] See Docket No. 3.

a District Court Judge or Magistrate Judge of this Court about the merits of this action.

9. The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Berge with this Order.

DATED this 16th day of December, 2006, at Anchorage, Alaska.

JOHN W. SEDWICK
United States District Judge

```
A05-0290--CV (JWS)   12-16-05
J. BERGE III - w/pro se handbook
D. KOSSLER (AAG-308) w/cy of pet
FPD (CJA CLK) w/cy of pet

MAGISTRATE JUDGE ROBERTS
PSLC
```