January 22, 2006

From: John W. Berge III   385437
      CCA/FCC
      P.O. Box 6200
      Florence, AZ  85232

To:   Hugh W. Fleisher, Attorney
      310 K. St., Suite 200
      Anchorage, AK  99501
      907-264-6635

RE:   A05-0290CV (JWS)

Hello Mr. Fleisher,

In response to our conversation on 1/19/06:

1) My case record is with the Ketchikan Clerk of the Court. You will particularly need the Excerpt of Record filed in the Court of Appeals, Case No. A-8683 and the Trial Transcript, Case No. 1KE-97-1085CR.

2) The most immediate question which you must answer is whether this §2254 should be held in abeyance pending the outcome of my State filed Common Law Habeas Corpus, 3AN-05-12831CI.

   I am unclear of the law in this matter, thus proceeding as I have to avoid losing the issue. However, if this State filed Common Law Habeas Corpus can be filed in the Federal District Court at any time, and if that is so would it be filed as a §2241 ?, please withdraw my MOTION TO HOLD IN ABEYANCE and let us proceed with the §2254. Be sure in your motion to withdraw to get the Court's agreement that a later filing is proper and under which section it should be filed.

3) I am enclosing a copy of my pro se MOTION TO RESCIND APPOINTMENT OF ALASKA PUBLIC DEFENDER AGENCY AS COUNSEL FOR PLAINTIFF filed 1/11/06.

   Note: PDA Dan Lowery was appointed as my counsel 1/13/06.

4) The State is very unhappy with this Habeas Corpus. The judges, prosecutors, Alaska Public Defender Agency, and at least some clerks in the 3rd Judicial District Clerk's Office are doing their best to obstruct/divert it.

   There are other filings. The filings are not identical as this has been an evolutionary process, however, the claim is.

Check out:

| | |
|---|---|
| Joe Harvey | 3AN-05-7744 CI |
| Mark Hartvigsen | 3AN-05-7716 CI |
| Cynthia Sky | 3AN-05-8619 CI |
| Dick Sky | 3AN-05-14362 CI |
| Robin J. Haas | 3AN-05-7745 CI |
| Stephon Harmon | 3AN-05-12180 CI |
| Simpkins | 4FA-05-81 CI |

The structural error claim is that the provisions of AS 18.85.100 and AS 44.21.410 are constructed in such a fashion as to result in conditioning representation of indigent clients with the denial of representation of fundamental rights during appointment (see Art. I, §21 of AK Const. and U.S.C.A. Amend. 9 & 14). This occurs absent notice to client and in violation of AK Rule of Court Admin. Rule 12(d) which provides for PDA/OPA to withdraw upon notice that client seeks relief under (habeas) remedy not provided for by statutory law.

For your information I am enclosing copies of NOTICE OF CLARIFICATION OF CLAIM and MOTION FOR CLARIFICATION OF LAW AND PROCEDURE submitted by Mark Hartvigsen, 3AN-05-7716 CI.

5) If you perceive any conflict-of-interest in representing me you must declare it.

6) Re my Criminal Appeal, the following is enclosed:

a. Copies of the briefs from Court of Appeals No. A-8683. Note, my objection to the prosecutor's error's (see Reply Brief). I carried this objection to the Alaska Bar Assoc.. It was dismissed. Do not allow the continuance of these errors. They are very damaging to my case.

b. A brief I prepared for the AK Supreme Court (never used).

c. The Table of Contents for the EXCERPT OF RECORD which I intended to file with the AK Supreme Court brief was expanded from the original EXCERPT OF RECORD filed in A-8683 to include Memorandum Opinion #4982 and PEOPLE v. ENGERT. You have both of these documents included in my §2254 Application.

d. A little case law for the 1st Issue. ???

Berge, Letter to
Fleisher, Attn.
1/22/06

    e. Do you need:

       SUPREME COURT PETITION FOR HEARING, S-1184,
       STATE'S RESPONSE TO PETITION FOR HEARING,
       REPLY TO STATE's OPPOSITION TO PETITION FOR HEARING (this was not accepted),
       STATE's OPPOSITION TO MOTION TO FILE REPLY TO STATE's OPPOSITION TO PETITION FOR HEARING.

    f. The 2nd Issue: Violation of the 5th Amend. - MIRANDA RIGHTS.

       Except for what you find in the §2254 application I have not briefed this issue.

       I am enclosing the appropriate excerpts from James McComas's and the State's briefs on this issue.

       The State has shifted numerous times on this. The §2254 application brief is accurate.

7) You have a lot to read. Once you look at it I believe that all you really need is included in the §2254 Application, my AK Supreme Court Brief, McComas's work, the Excerpt of Record, and the Trial Transcript.

8) An Evidentary Hearing w/ Mr. Nixon's testimony is needed. Note: If Mr. Nixon would load a soft point 30-30 cal. slug into a factory 30-06 load and fire it through a jell block I believe the slug will seperate into pieces. This would eliminate the possibility of a reload into a more powerful rifle than the 30-30 and subsequent possibility of ricochet.

9) Do you need to reorder the issues - the last issue first?

                              Sincerely,

                              */s/ John W. Berge III*
                              John W. Berge III

Berge, Letter to
Fleischer, Attn.
1/22/06

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

MARK HARTVIGSEN, )
      Plaintiff, )
                          )
vs. )
                          )
MARK ANTRIM, ET AL., )  Case No. 3AN-05-7716CI
      Defendant. )

1-9-05

EXHIBIT-B-

## NOTICE OF CLARIFICATION OF CLAIM

    COMES NOW Mark Hartvigsen, without counsel to assist him, and hereby gives for the record clarification of his claim for relief.

    The judgment against Mr. Hartvigsen is null and void because of the fact that for at least the past 25 years the Alaska Court System, Department of Law, and the Alaska Bar Association have relied upon, or not opposed, state law that clearly works to deprive him of rights he is expressly guaranteed under the 1st, 5th, 6th, 8th, 9th, & 14th Amendments of the U.S. Constitution. The bad state law was in effect at the time of his trial and created structural defect in the constitution of the state's trial mechanism, (see Brecht v. Abrahamson, 507 U.S. 619, 629-30 (1993)(re Some constitutional errors can never be deemed harmless, "will always invalidate the conviction", and are considered "structural" errors)). The error was inherent from the onset of his case and throughout all proceedings. Without notice and absent his knowing or willing consent or waiver he was deprived of the right to attainable bail, the right to due process within the trial mechanism, the right to access the court via Writ of habeas corpus, and the right to conflict-free assistance of counsel. The deprivation of these rights was both actual and constructive in nature. For example, Mr. Hartvigsen was never informed that counsel appointed to assist him under the provisions contained in AS 18.85.100 was effectively conditioned upon denial of representation of other substantial and fundamental rights he is guaranteed under the U.S. Constitution. Mr. Hartvigsen was never informed by **any** Alaska Bar member, including the courts and prosecution, that: (1) he was being deprived of these rights; (b) counsel appointed to assist him had a disability (conflict) in assisting him realize his rights; (c) being deprived of these rights practically insured his conviction irrespective of guilt or innocence.

    Pursuant to Gideon v. Wainwright, 372 U.S. 335 (1963) Mr. Hartvigsen is to be

Mark Hartvigsen
CCA/FCC
1100 Bowling Rd
Box 6200
Florence, AZ 85232

-1-

afforded effective and conflict-free assistance by a lawyer at **every** stage of trial. The right to assistance by counsel is so important that the reason he was not afforded this right is irrelevant, (see Rutherford v. State, 486 P.2d 946, 951 (Alaska 1971)(re "It makes no difference what causes the loss of constitutional rights to a defendant so long as they are gone absent his assent.")). Since the constitutional rights Mr. Hartvigsen was being deprived of throughout his case were not noticed or acted upon by **any** member of the Alaska Bar any argument of ignorance or incompetency cannot withstand reasonable scrutiny. Likewise, the deliberate and uniform waiver or foregoing of representation of his rights without notice to or consent from Mr. Hartvigsen cannot be reasonably explained or excused as being any legitimate trial strategy or tactic since the denial of these rights was so egregiously harmful to his interests.

    A state scheme or law that works to institutionalize the deprivation or impairment of rights Mr. Hartvigsen is guaranteed under the U.S. Constitution is more than just unfair; it is illegal and invalid,(see Ex parte Siebold, 100 U.S. 371, 376-77 (1880)(re "An unconstitutional law is void, and is no law....[A] conviction under it is not merely erroneous but it is illegal and void, and cannot be a cause of imprisonment.")).

    It is hoped that the foregoing adequately clarifies the merits of Mr. Hartvigsen's claim for relief via Writ of habeas corpus.

    Dated this 9th day of January, 2005 at Florence, Arizona.

By:_____

MARK   HARTVIGSEN

Mark Hartvigsen
CCA/FCC
1100 Bowling Rd
Box 6200
Florence, AZ 85232

JCA/FCC
1100 Bowling Rd.
Box 6200
Florence, AZ 85232

Case 3:05-cv-00290-RRB-DMS   Document 39-2   Filed 09/27/2006   Page 6 of 11

6/13/05

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| MARK HARTVIGSEN, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MARK ANTRIM, Commissioner ) | |
| of Alaska Department of ) | |
| Corrections, and, ) | |
| FRANK LUNA, Warden of ) | |
| Florence Correctional ) | |
| Center, ) | |
|     Respondents. ) | |
| ) | Case No.: 3AN-05-7716 CI        XX. |

NOTICE OF CLARIFICATION OF CLAIM

COMES NOW Mark Hartvigsen, plaintiff, pro se pending appointment of counsel, to answer the court's order dated June 7, 2005 which asks for clarification of what type of legal remedy his claim for relief is being brought under. It is admitted outright that Mr. Hartvigsen is disconcerted by the courts' asking this. It is respectfully submitted that this question has been clearly asked and answered, after a review for merit, by Judge Hensley on the "Notice of Judicial Assignment" form, as being a "Complaint for Habeas Corpus", (see attached court file copy of form 3AN-128CIV). With no disrespect intended the two statutory actions referred to by the court in its order are completely inapplicable to this matter. First, the only applicable statutes in this action are AS 12.75.010 and 28 USCA § 2254 which defines the writ of habeas corpus from the Alaska constitution at Article I, § 13 and Article I, § 9 of the U.S. Constitution. Mr. Hartvigsen: (a) does not waive his constitutional right to pursue the writ; (b)

-1-

has properly brought a claim well within the scope of the common-law writ of habeas corpus as clearly prescribed by the Alaska appellate courts; and (c) has properly presented a constitutional question in his petition which, if left to stand, entitles him to immediate and full relief from unlawful restraint of his liberty via the writ. Therefore, the petition clearly is not an application for post-conviction relief under CrR 35.1 and, at risk of constitutional violation, cannot be forcibly converted or construed as such, (see attached motion to reconsider dated 05/12/05)(also please refer to the petition itself). Second, there is absolutely nothing in Mr. Harvigsen's petition indicative of any intent to seek correction of an illegal sentence via CrR 35(a) under the Blakely decision. The court is respectfully directed to look only to the State's answer dated 05/16/05 for any and all misleading references to the applicability of CrR 35(a) and the Blakely decision to this matter. It is not unreasonable to suspect that the State's bizarre and immaterial answer is most likely responsible for any confusion over this issue. Mr. Hartvigsen has presented an unambiguous and concise claim of constitutional structural defect in the trial mechanism in his petition and the merit of his claim has withstood review by Judge Hensley and Judge Suddock. On the other hand the State not only fails to provide a legitimate answer relevant to that claim but also seeks improperly to confuse and hijack the true subject matter of the constitutional question itself. So, the claim has been presented clearly and fairly and the State has chosen to answer as it has. Mr. Hartvigsen was invited to respond pro se to the State's answer and pursuant to CR 86(i) he has done so, (see attached controverting statement dated 05/31/05). As a result this matter is now ripe for full adjudication on all its merits. All that remains to be done in this matter is for the court to render judgment accordingly and in a summary manner as prescribed by CR 86(j). Considering the substantial nature of the liberty interest at issue it could plausibly be argued that manifest injustice would occur to Mr. Hartvigsen should full and final judgment be withheld in this matter any longer.

    Finally, Mr. Hartvigsen recognizes and concedes he is not well versed in legal etiquette and regrets and apologizes for any offense taken to his untrained and perhaps over-zealous efforts to assert and defend his rights. While it is meant as no excuse to any offense the court is asked to take notice of the fact that his pleadings, albeit crude and made absent of any assistance from counsel, have withstood exceptional judicial scrutiny of merit so far. Given his lack of

*CLARIFICATION OF CLAIM*
*6/13*

-2-

training it is not unreasonable to view this as being indicative of the simple legitimacy of his cause more than a testament to his legal ability. The State likely prefers a different procedure since it obviously lacks the ability to dispute the claim in the form presented. But the States' druthers are not what is at issue in this matter. It is Mr. Hartvigsen's claim for relief from his being unlawfully restrained of his liberty in violation of the U.S. Constitution. The writ of habeas corpus is an extraordinary writ reserved solely for use in extraordinary circumstances. Those circumstances exist and they are presented in the claim. It is respectfully submitted that Mr. Hartvigsen properly brings his claim under well established constitutional law and procedure by presenting a petition for writ of habeas corpus.

Dated this 13th day of June, 2005 at Florence, Arizona 85232.

By: *Mark Hartvigsen*

MARK   HARTVIGSEN

CERTIFICATE OF SERVICE

I certify that on 06/13/05 a
copy of this document was sent
via U.S. Mail to:       John J. Novak, DA  ✓ *M.T.H.*
                        310 K Street
                        Anchorage, AK
                        99501

*CLARIFICATION OF CLAIM*
*6/#13*

-3-

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

MARK HARTVIGSEN,
    Plaintiff,

vs.

MARK ANTRIM, Commissioner
of Alaska Department of
Corrections, et al.,
    Defendants.

Case No. 3AN-05-7716CI

MOTION FOR CLARIFICATION OF LAW AND PROCEDURE

    COMES NOW Mark Hartvigsen, forced to appear pro se, and hereby gives notice to the court that he has been deprived of assistance by the Public Defender Agency(PDA), the Office of Public Advocacy(OPA), and the actions of the court since the onset of his efforts to exercise his 1st Amendment right to access the court back on April 22, 2005 [MTH]. The only effect produced by counsel assigned by those agencies has been to cause confusion and undue delay regarding Mr. Hartvigsen's right to promptly access the court for redress of a grievance involving a matter of constitutional significance. Mr. Hartvigsen has made detailed and diligent efforts for the past 9 months to get the lawyers appointed by these agencies to assist him with his litigation but he has been completely unsuccessful, (see letters in exhibit A). The problem appears to be the nature of the claim Mr. Hartvigsen seeks to present, (see exhibit B). The lawyers will not assist him and will not admit to the court that there is a conflict of interest in their being appointed to his case in this matter. His efforts to obtain an evidentiary hearing on this matter have been repeatedly thwarted by lawyers acting under color of their state office.

    Mr. Hartvigsen seeks clarification of several issues from the court. For example, he needs to know: (1) whether or not the law governing his litigation is truly in effect or is effectively invalidated? (see AS 12.75.010, Article I,§ 13 of the Alaska

Mark Hartvigsen
CCA/FCC
1100 Bowling Rd
Box 6200
Florence, AZ 85232

-1-

Constitution); (2) if the law is effectively invalid does this fact excuse him from the exhaustion requirement prior to bringing his claim in federal court?; and,(3) due to the nature of his claim whether or not AS 18.85.100 and AS 44.21.410 precludes assignment of counsel to his litigation from agencies that are sub-units of the Department of Administration?

 Mr. Hartvigsen is currently being held under a judgment that is more-likely-than-not void. For example, unconstitutional law in effect at the time of his conviction has resulted in the judgment against him being void of effect. Further, the provisions under which he was appointed counsel are unconstitutional because appointment of counsel to assist Mr. Hartvigsen is conditioned upon deprivation of assistance on other substantial and fundamental rights. In either event he is most likely entitled to absolute discharge from the judgment against him with prejudice towards retrial. Mr. Hartvigsen is suffering irreparable harm as a result of the undue delay in this matter. The court is urgently moved to clarify the law and procedure in this matter and cause the tactics of delay and avoidance currently being employed by PDA and OPA lawyers to cease.

 Dated this 9th day of January, 2006 at Florence, Arizona.

By: *Mark Hartvigsen*
MARK HARTVIGSEN

Mark Hartvigsen
CCA/FCC
1100 Bowling Rd
Box 6200
Florence, AZ 85232

AFFIDAVIT OF MARK HARTVIGSEN RE MOTION FOR CLARIFICATION

I, Mark Hartvigsen, pursuant to AS 09.63.020, hereby certify, depose and state under threat of perjury that the following is true and correct to the best of my knowledge, belief and available resources. I further attest that this document is intended for no improper purpose.

1. The facts stated in my pleading are true and correct to the best of my belief and knowledge.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated this 9th day of January, 2006 at Florence, Arizona 85232.

By: *Mark Hartvigsen* 01/09/06

CERTIFICATE OF SERVICE

I certify that on 01/09/06 a copy of this Notice was sent via U.S. Mail to:

Public Advocate Agency
ATTN: Joshua Fink
900 W. 5th Ave., Ste. 525
Anchorage, AK 99501

John Novak, Ass't DA
310 K Street
Anchorage, AK 99501

Mark Hartvigsen
CCA/FCC
1100 Bowling Rd
Box 6200
Florence, AZ 85232

By: _____ 01/09/06