IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICAL DISTRICT AT ANCHORAGE

JOHN W. BERGE III, )
      Plaintiff, )
          )
vs. )
          )
MARK ANTRIM, ET AL., )
      Defendant. )
_____)   Case No. 3AN-05-12831 CI

[handwritten: Filed 2/2/06 by Ono Lowery P.O. copy to Fletcher]

## NOTICE OF CLARIFICATION OF CLAIM

COMES NOW John W. Berge III, without counsel to assist him, and hereby gives for the record clarification of his claim for relief.

The judgment against Mr. Berge is null and void because of the fact that for at least the past 25 years the Alaska Court System, Department of Law, and the Alaska Bar Association have relied upon, or not opposed, State law that clearly works to deprive him of rights he is expressly guaranteed under the 1st, 5th, 6th, 8th, 9th, and 14th Amendments of the U.S. Constitution. The bad State law was in effect at the time of his trial and created structural defect in the constitution of the State's trial mechanism, (see Brecht v. Abrahamson, 507 U.S. 619, 629-30 (1993) (re Some constitutional errors can never be deemed harmless, "will always invalidate the conviction", and are considered "structural" errors)) The error was inherent from the onset of his case and throughout all proceedings.

The structural error claim is that the provisions of AS 18.85.100 and AS 44.21.410 are constructed in such a fashion

as to result in conditioning representation of indigent clients with the denial of representation of fundamental rights during appointment (see Art. I, §21 of Alaska Constitution and U.S.C.A. Amendments 9 and 14). This occurs absent notice to client and in violation of Alaska Rule of Court Administration Rule 12(d) which provides for PDA/OPA to withdraw upon notice that client seeks relief under (habeas) remedy not provided for by statutory law.

Without notice and absent his knowing or willing consent or waiver he was deprived of the right to attainable bail, the right to due process within the trial mechanism, the right to access the court via Writ of Habeas Corpus, and the right to conflict-free assistance of counsel. The deprivation of these rights was both actual and constructive in nature. For example, Mr. Berge was never informed that counsel appointed to assist him under the provisions contained in AS 18.85.100 was effectively conditioned upon denial of representation of other substantial and fundamental rights he is guaranteed under the U.S. Constitution. Mr. Berge was never informed by *any* Alaska Bar member, including the courts and prosecution, that: (a) he was being deprived of these rights; (b) counsel appointed to assist him had a disability (conflict) in assisting him realize his rights; (c) being deprived of these rights practically insured his conviction irrespective of guilt or innocence.

Pursuant to Gideon v. Wainwright, 372 U.S. 335 (1963) Mr. Berge is to be afforded effective and conflict-free assistance by a lawyer at *every* stage of trial. The right to assistance by

Berge, 3AN-05-12831 CI
Notice of Clarification of Claim      Page 2 of 3

counsel is so important that the reason he was not afforded this right is irrelevant, (see Rutherford v. State, 486 P.2d 946, 951 (Alaska 1971)(re "It makes no difference what causes the loss of constitutional rights to a defendant so long as they are gone absent his assent.")). Since the constitutional rights Mr. Berge was being deprived of throughout his case were not noticed or acted upon by **any** member of the Alaska Bar any argument of ignorance or incompetency cannot withstand reasonable scrutiny. Likewise, the deliberate and uniform waiver or foregoing of representation of his rights without notice to or consent from Mr. Berge cannot be reasonably explained or excused as being any legitimate trial strategy or tactic since the denial of these rights was so egregiously harmful to his interests.

A State scheme or law that works to institutionalize the deprivation or impairment of rights Mr. Berge is guaranteed under the U.S. Constitution is more than just unfair; it is illegal and invalid (see Ex parte Siebold, 100 U.S. 371, 376-77 (1880)(re "An unconstitutional law is void, and is no law. ... [A] conviction under it is not merely erroneous but it is illegal and void, and cannot be a cause of imprisonment.")).

It is hoped that the foregoing adequately clarifies the merits of Mr. Berge's claim for relief via Writ of Habeas Corpus.

Dated: Janurary 24, 2006

*[signature]*
John W. Berge III
CCA/FCC
P.O. Box 6200
Florence, AZ  85232

Berge, 3AN-05-12831 CI
Notice of Clarification of Claim