# 7004 2890 0002 0415 7023

May 23, 2006

From:   John W. Berge III
        CCA/FCC
        P.O. Box 6200
        Florence, AZ  85232

To:     Hugh W. Fleischer, Attorney
        310 K St., Suite 200
        Anchorage, AK  99501

RE:     State Habeas Corpus
        3AN-05-12831 CIVIL

Dear Mr. Fleischer,

1)   Upon your appointment as my attorney in this case it is
imperative that the court come into compliance with CR 86.  My
immediate liberty interest is the motivation.  This case has been
allowed to languish since filing on 10/19/05.  Therefore, I am
directing you to immediately move the court to comply with CR 86.
Currently CR 86(b) has been completed.  The court must now
complete CR 86(c).  This must happen prior to any other action.

2)   When you file this motion include a time limit for compliance.
Five working days is sufficent.  If the Superior Court does not
comply (and the combined actions of all the judges in the different
Superior Courts is an example of intentional organized non-compliance)
submit an EMERGENCY MOTION to the Alaska Supreme Court stating
immediate liberty interest and again placing a five day time limit.
If the Supreme Court will not rule on the petition (and a Writ of
Mandamus will not suffice) immediately move the Federal District
Court.

3)   My PETITION FOR HABEAS CORPUS is based on two seperate
structural errors in effect during my trial.

   a) The first structural error has to do with unconstitutional
State Law concerning sentencing in Alaska (see e.g., pre-2005
AS 12.55 of the Alaska Criminal Code).  This structural error is
an undisputed fact.  The only question is if it will rise to a
per se reversal.  However, there is good case law that **any**
structural error that effects the trial mechanism should result in
a per se reversal.  Also, that this bad State Law effects the
indictment is a strong argument for per se reversal (see e.g.,
Alaska Senate Bill 56 (2005) Section 2(c)).

   b) The second structural error deals with deprivation of counsel,
straight GIDEON v. WAINWRIGHT, 372 U.S. 335 (1963).  AS 18.85.100
(a)(1) states that an indigent person under formal charge is
entitled "to be represented **in connection with the crime or
proceeding,** by an attorney to the same extent as a person retaining

1 of 2

an attorney is entitled." This does not enable a Public Defender
to make a collateral attack claiming unconstitutional State Law
(see e.g., Public Defender Dan Lowery's MEMORANDUM IN SUPPORT OF
MOTION TO WITHDRAW, 2/23/06). Further, a Public Defender
attacking State Law while under the auspices of the Governor's
Office creates a conflict-of-interest.

4)    If you could convince the judge to grant my habeas corpus
you would provide Alaska a great service by allowing the Superior
Court to maintain case-by-case jurisdiction. Otherwise, the
potential liability is huge.

5)    I have asked you before to send me copies of all motions and
correspondence in relation to my case. You are not doing this.
You must keep me informed under the attorney/client priviledge.
I insist.

                              Sincerely,

                              *John W. Berge III*

                              John W. Berge III

BERGE, 5/23/06
Letter to H. Fleischer
RE: 3AN-05-12831 CI