July 2, 2006

From: John W. Berge III
      CCA/FCC
      P.O. Box 6200
      Florence, AZ  85232

To:   Hugh W. Fleischer, Attorney
      310 K St., Suite 200
      Anchorage, AK  99501

RE:   3AN-05-12831 CI
      MOTION FOR COURT TO COMPLY WITH CR 86.

Dear Mr. Fleischer,

1) Have you been appointed counsel? (YES)/ NO  12/14  7/14/06

   Please send me a copy of the corrected MOTION FOR APPOINTMENT OF COUNSEL and the signed ORDER.

2) You mentioned in your motion that you are on OPA's attorney list. Does this create a conflict? YES /(NO)  7/7

3) You have agreed to immediately prepare a MOTION FOR THE COURT TO COMPLY WITH CR 86. This motion must address these subjects:

   a. You must emphasize that unconstitutional State Law has created structural error and that structural error is the issue of my habeas corpus. See my letter of May 23, 2006 to you detailing the 2 structural errors raised:

      1. AS 12.55 (sentencing statute) has been declared unconstitutional, effects the indictment and the trial in whole.

      2. Deprivation of counsel. Public Defender David Seid, my trial counsel, was restricted in his scope of representation by AS 18.85.100. This is proven by your appointment under Ad.R.12(e)(1).

   b. There has been no State opposition to these issues. The State waived it's REPLY in SKY v. ALASKA, U.S. Supreme Court case #05-9705.

   c. The relief sought is:

      1. Acquittal of all charges - a per se reversal.

      2. An unconditional release.

      3. Constitutional bar to retrial.

    d. Notice to the court that the Federal Habeas Corpus time schedule is in effect. Liberty interest are at stake.

    e. Use the correct heading:  JOHN W. BERGE III,
                                      Plaintiff,

                                vs.

                           MARK ANTRIM and
                         FRANK LUNA,
                                Defendants.

    This is the heading originally filed, is the correct heading for a habeas corpus, and should be maintained.

    f. Send me a copy of this motion to review **prior** to filing. I am directing you not to file this motion until I am in accord and it is 100% perfect. I will call you upon receipt so there will be no big time delay.

4. You must argue adamently **AGAINST** any attempt by the State or the Court to convert this habeas corpus into a sentencing issue.

    Note: See HOCHMUTH 3AN-05-14360 CI. Review the case file. Particularly note attorney Heather L. Gardner's June 22, 2006 filing PLAINTIFF's REPLY TO STATE's OPPOSITION TO "PETITION FOR WRIT OF HABEAS CORPUS" / OPPOSITION TO STATE's MOTION TO DISMISS.

    Although Ms. Gardner's observations concerning a State Sentencing Appeal are true and need to be addressed, but not here, she effectively sabotage's Mr. Hochmuth's habeas corpus by misrepresenting it as a sentence appeal. Mr. Hochmuth's issue is identical to mine - unconstitutional State Law that creates structural error. The relief sought is identical. No where in his habeas corpus does Mr. Hochmuth seek a resentencing.

    See the case file for a packet of letters filed as an exhibit by Mr. Hochmuth in a letter to the court dated May 29, 2006 re Ms. Gardner's MOTION TO WITHDRAW. Mr. Hochmuth has already filed a complaint against Ms. Gardner with the ABA (Alaska).

    I wonder that with your knowledge of the facts you should inform the ABA of the truth of this litigation?

    It seemed necessary to inform you of the above inorder for you to fully represent me and to avoid surprise for you. Particularly since Mr. Hochmuth's case is also assigned to Judge Rindner.

5. We will discuss this letter as soon as I can reach you via telephone.

                                            Sincerely,

                                            */s/ John W. Berge III*

BERGE, 3AN-05-12831 CI
Letter to H. Fleischer
7/2/06