IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

```
JOHN W. BERGE III,       )
        Plaintiff,       )
                         )
vs.                      )
                         )
MARK ANTRIM and          )
FRANK LUNA,              )
        Defendants.      )
_____)
```

Case No. 3AN-05-12831 CI

### MOTION FOR JUDGEMENT

COMES NOW plaintiff, JOHN W. BERGE III, by and through counsel Hugh W. Fleischer, and hereby moves this court under Civil Rule 86(j) to summarily rinder judgement and grant relief sought. This motion is supported by the attached memorandum and affidavit of counsel.

DATED this ____ day of August, 2006 at Anchorage, Alaska.

```
                    LAW OFFICES OF HUGH W. FLEISCHER
                    Attorney for Plaintiff


                    By:_____
                        Hugh W. Fleischer
                        AK Bar # 7106012
```

I hereby certify that a copy of
the foregoing was delivered
this date:_____

By hand on:

John J. Novak
Assistant District Attorney
310 K St., Suite 520
Anchorage, AK  99501

By:_____

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

JOHN W. BERGE III, )
    Plaintiff, )
    )
vs. )
    )
MARK ANTRIM and )
FRANK LUNA, )
    Defendants. )
_____)

Case No. 3AN-05-12831 CI

## MEMORANDUM IN SUPPORT OF MOTION FOR JUDGEMENT

In plaintiff's PETITION FOR WRIT OF HABEAS CORPUS 10/19/05 and NOTICE OF CLARIFICATION OF CLAIM 2/2/06 two separate structural errors created by unconstitutional State Law in effect at time of trial are demonstrated.

First, pre-2005 section AS 12.55 of Alaska Criminal Code has been declared unconstitutional, effects the indictment and the trial in whole depriving plaintiff of protection afforded by the 1st, 5th, 6th, 8th, 9th and 14th Amendments of the U.S. Constitution.

Second, plaintiff suffered deprivation of counsel when his Public Defender, David Seid, was restricted in his scope of representation by AS 18.85.100 of Alaska Criminal Code thus depriving plaintiff of his U.S.C. 6th Amendment right to full and unconditioned assistance of counsel. This is amply demonstrated by this court granting PDA's MOTION TO WITHDRAW and appointing counsel under Ad.R.12(e)(1) (e.g. PDA Dan Lowery's MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW and letter from Quinlan Steiner

1 of 3

Public Defender December 13, 2005 stating AK PDA's conditioned scope of representation submitted as exhibit B in plaintiff's MOTION TO RESCIND APPOINTMENT OF ALASKA PUBLIC DEFENDER AGENCY AS COUNSEL FOR PLAINTIFF 1/11/06).

The law is clear and settled. BRECHT v. ABRAHAMSON, 507 U.S. 619, 629-30 (1993) (re Some constitutional errors can never be deemed harmless, "Will always invalidate the conviction" and are considered "structural" errors.) GIDEON v. WAINWRIGHT, 372 U.S. 335 (1963) Plaintiff is to be afforded effective and conflict-free assistance by a lawyer at every stage of trial. RUTHERFORD v. State, 486 P.2d 946, 951 (Alaska 1971) (re "It makes no difference what causes the loss of constitutional rights to a defendant so long as they are gone absent his assent.") Ex parte Siebold, 100 U.S. 371, 376-77 (1880) (re "An unconstitutional law is void, and is no law. ... [A] conviction under it is not merely erroneous but it is illegal and void, and cannot be a cause of imprisonment.")

There has been no State opposition to the structural error issues. The State waived it's REPLY in SKY v. ALASKA, U.S. Supreme Court case # 05-9705. (Attached as Exhibit A.)

The State's OPPOSITION TO PETITION FOR HABEAS CORPUS 11/14/05 is nonsense. It never addresses or even mentions the structural errors raised by plaintiff, plaintiff's sole argument. Instead the State argues CR35(a) which is irrelevant.

The pertinent preliminary's of CR86 have been delt with. The facts and the law are clear. There is no opposition. It is now incumbent on this court to comply with the law, to summarily

BERGE, 3AN-05-12831 CI
Memorandum in Support of
Motion for Judgement          2 of 3

issue a ruling per CR86(j) granting plaintiff's relief.

It is noted that in the least the Federal Habeas Corpus time schedule is in effect.

DATED this ____ day of August, 2006 at Anchorage, Alaska.

                                  LAW OFFICES OF HUGH W. FLEISCHER
                                      Attorney for Plaintiff

                                By:_____
                                      Hugh W. Fleischer
                                          AK Bar # 7106012

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

```
JOHN W. BERGE III,      )
        Plaintiff,      )
                        )
vs.                     )
                        )
MARK ANTRIM and         )
FRANK LUNA,             )
        Defendants.     )
_____)
```

Case No. 3AN-05-12831 CI

## ORDER

The WRIT OF HABEAS CORPUS for plaintiff JOHN W. BERGE III is **GRANTED**. Mr. Berge is acquitted of all charges, unconditionally released with prejudice towards retrial and is afforded transportation from his place of imprisonment to Kerrville, Texas his home of record.

Dated:_____       _____
                                        Mark Rindner
                                        Superior Court Judge