No. 05-9705

---

IN THE

SUPREME COURT OF THE UNITED STATES

October Term, 2005

DICK SKY & CYNTHIA SKY,

Petitioners,

vs.

STATE OF ALASKA,

Respondent.

ON PETITION FOR A WRIT OF CERTIORARI TO

THE SUPREME COURT OF THE STATE OF ALASKA

PETITION FOR WRIT OF CERTIORARI

Dick Sky*                &         Cynthia Sky**
CCA/FCC                            HMCC
1100 Bowling Rd                    9101 Hesterberg Rd
Box 6200                           Eagle River, AK 99577
Florence, AZ 85232

*Document author

**Dick Sky & Cynthia Sky appear pro solido pro se

## QUESTIONS PRESENTED

Whether the Alaska appellate courts and the State of Alaska denied Petitioners due process of law by denying them leave to brief a timely and substantial claim on direct appeal following the release of Blakely v. Washington, 542 U.S. 296 (2004); and, whether such a decision by the Alaska appellate courts and State of Alaska is in conflict with the well-established decisions of the U.S. Supreme Court in Griffith v. Kentucky, 479 U.S. 314 (1987) and Reynoldsville Casket Co., Et al. v. Hyde, 514 U.S. 749 (1995); and, if so, whether the claim Petitioners were kept from presenting entitles Petitioners, and all those similarly situated, to immediate and full relief.

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

**§ 1 of the 14th Amendment of the U.S. Constitution:**
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws.

**9th Amendment of the U.S. Constitution:**
The enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people.

**Article VI, cl 2 of the U.S. Constitution:**
(see petition @ page 4)

**Article I, § 9 of the U.S. Constitution:**
The privilege of the Writ of habeas corpus shall not be suspended, unless in cases of rebellion or invasion the public safety may require it.

**6th Amendment of the U.S. Constitution:**
In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have previously ascertained by law, and to be informed of the nature and cause of the accusations; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

## TABLE OF AUTHORITIES CITED

### CASES                                                    PAGE NUMBER

Blakely v. Washington, 542 U.S. 296 (2004)............. 1,2,4,5

Brecht v. Abrahamson, 507 U.S. 619 (1993).............. 2

Ex parte Siebold, 100 U.S. 371 (1880).................. 5

Gideon v. Wainwright, 372 U.S. 335 (1963).............. 4

Griffith v. Kentucky, 479 U.S. 314 (1987).............. 2,3,4

Reynoldsville Casket Co. Et al v. Hyde, 514 U.S. 749 (1995)...... 2


### STATUTES AND RULES




### OTHER

Article VI, cl 2 of U.S. Constitution
         (Supremacy Clause) .................... 4

## STATEMENT OF THE CASE

On February 15, 2001 Dick Sky and Cynthia Sky, husband and wife, were arrested at their remote Alaska homestead by a task force primarily comprised of federal, state and local drug police and charged by the state with multiple counts of child abuse. The Skys' plead, and still maintain, their innocence to all charges. Being indigent the Skys' were appointed counsel from the Public Defender Agency(PDA) and the Office of Public Advocacy(OPA). Irreconcilable conflict between the Skys' and appointed counsel immediately arose. The trial court allowed OPA to appoint alternate counsel but did so without addressing the nature of the alleged conflict. Instead, on the first day of trial the court granted the Skys' co-counsel status but then denied a continuance for them to prepare under the new arrangement. Appointed counsel immediately sought to quit the case due to liability concerns and, when refused by the judge, appeared at trial only under threat of arrest. They avoided meaningful participation and even had retained private attorneys to protect their own interests. The Skys' were subsequently convicted on almost all charges in May of 2002. Timely notice of a merit appeal was made and appellate counsel were again appointed from PDA and OPA. The Skys' languished for over two years awaiting filing of their joined appeal. Just days after the Skys' opening briefs were filed the Honorable Court released Blakely v. Washington, 542 U.S. 296 (2004). The State's opening brief had not even been filed at that time. The Skys' sought to exercise their right to bring a claim

-1-

evolving from Blakely on direct appeal,(see Griffith v. Kentucky, 479 U.S. 314, 328 (1987)(re "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to **all** cases...pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.")(emphasis added);also see(Reynoldsville Casket Co. Et al. v. Hyde, 514 U.S. 749, 752 (1995)). Among other points the Skys' proposed to bring a claim of structural error, (see Brecht v. Abrahamson, 507 U.S. 619, 629-30 (1993)(re Some constitutional errors "will always invalidate the conviction" and are considered "structural" errors). The OPA contract lawyer found the claim had merit. The PDA lawyer for Mrs. Sky did not dispute the merit of the claim but adamantly refused to bring it on her behalf; arguing that PDA "policy" disallowed such assistance. The Skys' found themselves unable to challenge the PDA decision and Mrs. Sky was kept from presenting her claim by the PDA. But, even had they been successful the state court of appeals refused to allow Mr. Sky to present **any** claim evolving from Blakely on direct appeal; insisting instead that it must first be brought via a post-conviction relief action in the lower state courts,(see Appendix A). The state supreme court declined review of the matter,(see Appendix B). Mr. Sky immediately urged his OPA lawyer to seek writ of mandamus in the federal courts in order to compel compliance with the mandate of Griffith. The OPA lawyer agreed with the merit of that idea but claimed state law precluded any assistance by appointed counsel in the federal courts. Since

-2-

structural error implicates an urgent liberty interest under the Alaska constitution he asked his OPA lawyer to instead seek on his behalf relief via writ of habeas corpus under his state rights. He was told that he was also barred from receiving such assistance by appointed counsel even if grounds were manifest. The OPA lawyer instead filed another discretionary review action which the state supreme court also denied without opinion,(see Appendix C). All appointed counsel promptly quit the Skys' case upon that denial.

The Skys' did not discover the fact that appointment of counsel was conditional until they sought to challenge the Alaska courts non-compliance with the mandate of Griffith. They had never received notice from any state entity of the fact of appointment of counsel being conditional upon them forgoing representation of other fundamental rights and privileges. They never waived those rights and privileges; nor could it have ever been in their interests to consent to such conditions during either the trial or the appeal process. Ironically, it is the actual and constructive denial of assistance of counsel that defines the merit of the claim of structural error that the Skys' were kept from presenting on direct appeal. Regrettably, while substantial attorney-client correspondence exists, the record on this particular issue is scant. However, there has been a recent disclosure by PDA that clearly supports the contention that appointment of trial and appellate counsel is unfairly conditioned upon denial of representation of other constitutional rights and privileges,(see Exhibit A).

-3-

## REASONS FOR GRANTING THE PETITION

The mandate of Griffith speaks in clear and unambiguous terms that its rule applies "to **all** cases...pending on direct review or not yet final, **with no exception**..."(Griffith,supra)(emphasis added). By refusing to allow on direct appeal a substantial claim evolving from Blakely the Alaska appellate courts not only denied the Skys' due process of law but also produced a decision clearly in conflict with rulings by this Honorable Court. This is not merely misapplication of federal law by a state court but it is instead conduct that is clearly inconsistent with the mandate of Article VI, cl 2 of the U.S. Constitution (stating in pertinent part)," This Constitution, and the laws of the United States which shall be made in pursuance thereof...,shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding." Faithful observance of the supremacy clause by all states at all times is a cornerstone of the jurisprudence of the American legal system and wilful failure to observe it is a particularly potent invitation for the Honorable Court to grant review. The right to effective assistance of counsel at every stage of trial and direct appeal is firmly held to be a legal principle that is integral to the jurisprudence of every state,(see Gideon v. Wainwright, 372 U.S. 335 (1963)). Thus, any indication of misapplication of this fundamental legal principle by any state is also a most-powerful reason to grant review of this matter because it additionally implicates an immediate

-4-

liberty interest not just for the Skys' but also for those persons similarly situated. In the Skys' case the <u>Blakely</u> decision made obvious the fact that structural error exists not only in the Alaska sentencing statutes but also in the Alaska scheme for appointment of counsel to indigent defendants,(see Exhibit A). Notwithstanding a circumstantial inability by the Skys' to demonstrate the fact it is neither implausible nor illogical to opine that such a scheme is not unique to Alaska but also likely exists in one form or another in those states most affected by the <u>Blakely</u> decision. If structural error is found to be manifest in the legal systems of those states then public interest is substantial regarding those persons similarly situated to the Skys' also receiving the timely and full relief that's available under such a claim. There can be no compelling state interest in maintaining an illegal conviction or an unlawful imprisonment,(see <u>Ex parte Siebold</u>, 100 U.S. 371, 376-77 (1880)). After almost two years of little or no progress it is time for states to own-up to the <u>Blakely</u> elephant in the living-room. The benefit of finality in criminal procedure is always and all ways of substantial public interest and the matter is ripe for review and disposition.

    Granting review of this matter can place before the Honorable Court the opportunity to reaffirm those constitutional principles for which the American system of jurisprudence is world renowned.

By: _____
      DICK   SKY

# WAIVER

## SUPREME COURT OF THE UNITED STATES

Supreme Court Case No. 05-9705

Dick Sky, et ux.        v.   State of Alaska
(Petitioner)                  (Respondent)

**I DO NOT INTEND TO FILE A RESPONSE** to the petition for a writ of certiorari unless one is requested by the Court.

Please check one of the following boxes:

☑ Please enter my appearance as Counsel of Record for all respondents.

☐ There are multiple respondents, and I do not represent all respondents. Please enter my appearance as Counsel of Record for the following respondent(s):

_____

_____

I certify that I am a member of the Bar of the Supreme Court of the United States (Please explain if your name has changed since your admission):

Signature _William H. Hawley Jr._ (signed)

Date: March 31, 2006

(Type or print) Name William H. Hawley, JR

☑ Mr.    ☐ Ms.    ☐ Mrs.    ☐ Miss

Firm State of Alaska, Department of Law, Office of Special Prosecutions and Appeals

Address 310 K Street, Suite 308

City & State Anchorage, AK            Zip 99518

Phone (907) 269-6250

A COPY OF THIS FORM MUST BE SENT TO PETITIONER'S COUNSEL OR TO PETITIONER IF *PRO SE*. PLEASE INDICATE BELOW THE NAME(S) OF THE RECIPIENT(S) OF A COPY OF THIS FORM. NO ADDITIONAL CERTIFICATE OF SERVICE IS REQUIRED.

SEE REVERSE FOR INFORMATION CONCERNING THE STATUS OF A CASE ON THE DOCKET.

CC: Dick Sky and Cynthia Sky.