Terisia Chleborad
Assistant Attorney General
Office of Special Prosecutions
  and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
E-mail: Terisia_Chleborad@law.state.ak.us

Attorney for Respondent Mark Antrim

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN BERGE III,                )<br>                                              )<br>            Petitioner,           )<br>                                              )     Case No. 3:05-cv-00290-JWS<br>vs.                                        )<br>                                              )<br>MARK ANTRIM, et al.           )<br>                                              )<br>            Respondent.        )<br>_____) | |

MOTION TO DISMISS AMENDED PETITION
FOR WRIT OF *HABEAS CORPUS* FOR
FAILURE TO EXHAUST STATE-COURT REMEDIES
AND ANSWER

A.   Introduction

John Berge has filed an amended petition for writ of *habeas corpus*, alleging ten claims for relief. [Docket No. 23] Berge failed to exhaust remedies available to him in state court as to seven of those claims.

John Berge III v Mark Antrim, Case No. 3:05-cv-00290-JWS
Page 1

A federal court cannot entertain a *habeas* petition unless the petitioner demonstrates that he has exhausted his state remedies. *See* 28 U.S.C. § 2254(b), (c). Generally, a petitioner may satisfy the exhaustion requirement in either of two ways: (1) by providing the highest state court with an opportunity to rule on the merits of his claims, or (2) by showing that there were no state remedies available at the time he filed his federal *habeas* petition. *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003). The petitioner has the burden of proving that he has exhausted his state remedies. *Guttierez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983). A petition that contains both exhausted and unexhausted claims must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). Because Berge's petition contains both exhausted and unexhausted claims, his petition must be dismissed.

B.   Background Facts

Berge was convicted by a jury of first-degree murder for shooting Ernest Taylor at Taylor's float house in Dall Bay outside of Ketchikan. Berge was also convicted of second-degree theft for stealing Taylor's shotgun and tampering with evidence for concealing the shotgun and the firearm used to kill Taylor. The court of appeals for the State of Alaska affirmed Berge's convictions in an unpublished memorandum decision. *See Berge v. State*,

Mem. Op. & J. No. 4254 (Alaska App., August 2, 2000) ("*Berge I,*" a copy of which is attached as Exhibit A).

Berge then sought review of the court of appeals' memorandum decision in a petition for hearing that he filed in the Alaska Supreme Court. (A copy of Berge's petition is attached as Exhibit B.) The Alaska Supreme Court denied Berge's petition.

Berge subsequently filed an application for post-conviction relief alleging that he had received ineffective assistance of counsel at his trial. Superior Court Judge Michael Thompson concluded that Berge had failed to establish a *prima facie* case as to his various claims and dismissed Berge's application. Berge then appealed the dismissal of his application to the court of appeals for the State of Alaska. That court affirmed the dismissal of Berge's application for post-conviction relief in an unpublished memorandum decision. *See Berge v. State*, Mem. Op. & J. No. 4982 (Alaska App., April 20, 2005) ("*Berge II,*" a copy of which is attached as Exhibit C).

Berge also sought review of that court of appeals' memorandum decision in a petition for hearing that he filed in the Alaska Supreme Court. (A copy of Berge's petition is attached as Exhibit D.) The Alaska Supreme Court denied that petition also.

  C.  <u>Berge's *Habeas Corpus* Claims</u>

Berge asserts ten claims in his amended petition for *habeas corpus*:

(1)   that he was in custody when the troopers talked him and therefore he should have been read his *Miranda* rights, and based on this purported violation his statement should have been suppressed [Docket 23, at 9],

(2)   that he received an inadequate *Miranda* warning [Docket 23, at 14],

(3)   that he did not waive his *Miranda* rights [Docket 23, at 15],

(4)   that a right to counsel arose when the complaint was filed against him and precluded the police from talking with him without counsel [Docket 23, at 9, 16],

(5)   that he had not waived his right to counsel before he talked to the police [Docket 23, at 18],

(6)   that the prosecutor illegally commented on his (Berge's) right to remain silent in Berge's criminal trial [Docket 23, at 20-21, 34],

(7)   that the trial judge in his criminal case improperly instructed the jury that self-defense was not applicable [Docket 23, at 21-29, 35],

(8)   that the purported errors in his criminal trial were cumulative in effect and therefore warranted a new trial [Docket 23, at 30],

(9) that his trial counsel was ineffective for not filing a motion to suppress his (Berge's) statements that were recorded under a *Glass* warrant [Docket 23, at 4], and

(10) that his trial counsel was ineffective for not obtaining a ruling on a motion to suppress that was based on Berge's right-to-counsel argument [Docket 23, at 4].

> D. Berge Failed To Exhaust Claims (4), (5), (6), (7), (8), (9), and (10)

1. *Claims (4), (5), (6), (9), and (10)*

As to the procedural facts underlying claims (4) and (5), Berge had filed a motion to suppress a statement that he made to police based on two arguments; that his *Miranda* rights were violated, and that his right to counsel arose when the complaint was issued against him and that he was denied that right. *Berge I*, at 4. The trial judge denied the motion to suppress, finding that Berge had not been in custody and therefore, no *Miranda* right had attached. *Id.* The trial judge did not rule on Berge's right-to-counsel claim. *Id.* Berge persisted with the right-to-counsel claim in the court of appeals, and that court held that Berge had forfeited the claim by not seeking a ruling in the trial court. *Id.* Berge then argued in his petition for hearing filed in the Alaska Supreme Court, that he had not forfeited the claim. The Alaska Supreme Court denied Berge's petition.

A state court is entitled to treat as forfeited a proposition that was not properly pursued or preserved under state law. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506 (1977). Forfeiture of a claim under state law is an independent and adequate basis for blocking federal *habeas corpus* review when the state court as a matter of procedure has clearly determined that a defendant waived a claim. *See Stewart v. Smith,* 536 U.S. 857, 861, 122

S.Ct. 2578, 2582 (2002); *Harris v. Reed*, 489 U.S. 255, 265-66, 109 S.Ct. 1038, 1044-45 (1989).

Even if state law were not controlling on Berge's forfeiture issue, claims (4) and (5) are not properly before this court. In the Alaska Supreme Court, Berge did not base his non-forfeiture claim on federal law. *See* Exhibit B, 7-9. Nor did he base his underlying right-to-counsel claim on federal law. *Id.*

To preserve his claim for *habeas corpus* review, Berge was required to base his non-forfeiture argument, and the underlying right-to-counsel claim, on federal law. *See Galvan v. Alaska Dept. of Corrections*, 387 F.3d 1198, 1202-05 (9th Cir. 2005) (petitioner failed to exhaust claim for habeas corpus review because she did not make reliance on federal constitutional law clear to the state appellate court). Because Berge did not assert a federal law claim of right-to-counsel and non-forfeiture in the Alaska Supreme Court, Berge did not exhaust his remedies as to claims (4) and (5).

Similarly, Berge did not base claim (6) (that the prosecutor illegally commented to the jury on Berge's right to remain silent) on federal law in his petition for hearing to the Alaska Supreme Court. *See* Exhibit B, at 9-13. Berge based this claim only on state law. Because Berge did not make a

federal law claim regarding this allegation to the Alaska Supreme Court, claim (6) is unexhausted.

In addition, Berge did not base claims (9) and (10) on federal law. As to claim (9), Berge argued to that court that his trial counsel should have filed a motion to suppress statements made under a *Glass* warrant. *See* Exhibit D, at 6-8. As to claim (10), Berge argued that trial counsel should have sought a ruling on the motion that Berge's right to counsel arose as of the filing of the complaint against him and that the police violated his right to counsel by speaking with him. *Id.* at 9-12.

As to these two claims of ineffective of assistance of counsel, Berge did not claim that under the applicable federal law, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), his trial counsel had been ineffective. *See* Exhibit D, at 6-12. Indeed, Berge did not make a claim that under state law his trial counsel had been ineffective. *Id.* Rather, Berge simply argued about the *Glass* warrant and the right to counsel during interrogation. *Id.* For this reason claims (9) and (10) are unexhausted.

Based on the fact that Berge's *habeas corpus* petition includes the above unexhausted claims, his petition must be dismissed.

    2.    *Berge Did Not Present Claims (7) and (8) to the Alaska Supreme Court*

As to claim (7), Berge disputed in the court of appeals the jury instruction regarding the inapplicability of self-defense in his case. *See Exhibit A*, at 7-8. But after the court of appeals ruled against him on this issue, Berge did not seek review of this claim in the petition for hearing that he filed in the Alaska Supreme Court. *See* Exhibit B.

Similarly, as to claim (8), Berge did not argue in his petition for hearing to the Alaska Supreme Court that the alleged errors in his criminal case were cumulative in effect. *See* Exhibit B.

Because Berge did not exhaust his state-court remedies on all of the claims that he has presented to this court, his petition must be dismissed.

E.   Answer to Berge's *Habeas Corpus* Claims

Berge's petition should be dismissed because the petition includes unexhausted claims. The respondent, however, also answers Berge's petition as previously directed by the court at the hearing that was held on October 17, 2006. The respondent denies each of Berge's claims listed above. Berge cannot show that the Alaska Supreme Court's rejection of his claims was contrary to, or involved an unreasonable application of, Supreme Court precedent.

Dated October 24, 2006, at Anchorage, Alaska.

>DAVID W. MÁRQUEZ
>ATTORNEY GENERAL
>
>s/ Terisia K. Chleborad
>  Assistant Attorney General
>  Office of Special Prosecutions
>    and Appeals
>  310 K Street, Suite 308
>  Anchorage, Alaska 99501
>  Telephone: (907) 269-6250
>  Facsimile: (907) 269-6270
>  e-mail: Terisia_Chleborad@law.state.ak.us
>  Alaska Bar No. 8912091

## Certificate of Service

I certify that on October 24, 2006, a copy of the foregoing Motion to dismiss amended petition for writ of habeas corpus for failure to exhaust state-court remedies and answer was served on John Berge III, FCC/CCA, P.O. Box 6200, Florence, AZ 85232 by regular U.S. mail.

>s/ Terisia K. Chleborad