IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA


JOHN BERGE III                    )
                                  )
          Petitioner,             )
                                  )
     vs.                          )
                                  )
MARK ANTRIM, et al.               )
                                  )
          Respondent.             )
_____ ) CASE NO: A05-0290-CI (JWS)


**<u>MEMORANDUM IN OPPOSITION TO</u>**
**<u>STATE'S MOTION TO DISMISS</u>**


Petitioner, John Berge III, through his attorney Hugh W. Fleischer, hereby opposes the State of Alaska's Motion to Dismiss Mr. Berge's Petition for Habeas Corpus.

John Berge filed his petition for habeas corpus, citing ten separate grounds there for.

The State has argued that Mr. Berge has failed to exhaust claims 4, 5, 6, 7, 8, 9 and 10.

As to claims 4 and 5, the State argues that these claims were forfeited and thus, not properly exhausted. Petitioner has argued that such claims were not forfeited but rather preserved before the trial court and all other State courts and cited the case of ***Brewer v. Williams***, 430 U.S., 387, 404, which said the District Court "must indulge in every reasonable presumption against waiver." The

argument was fully made in the Petition for Hearing as to why the trial judge should be assumed to have ruled on the points under these claims (Ex. B., 8,9).*  As to the alternative argument that even if the forfeiture position should not stand, the petitioner failed to base such claims on federal law.  As stated in *Duncan v. Henry*, 513 U.S. 364, 115 S. Ct. 887, 130 L.Ed.2d 865 (1995)(per curium), " We made it clear in *Piccard v. Connor*, 440 U.S. 270 (1971), that a prisoner need not place the correct label on his claim, or even cite the Federal Constitution, as long as the substance of the federal claim has been presented." @ 367  The claims in question had been based on a federal claim in that petitioner was asserting an extension of his *Miranda* arguments set out in claims 1, 2 and 3.  The petitioner specifically set out *Miranda v. Arizona*, 384 U.S. 436,473 (1966) in its argument to the Alaska Supreme Court in his Petition for Hearing (Ex. B, 7-9 to State's Motion).  As the State must know, this seminal case dealt with the application of the Fifth Amendment to the United States Constitution to police interrogations.  This was and is a federal claim.  This claim and the others referenced below all fit into the U.S. Supreme Court's holding of the

* References to Exhibits are those of the State's Motion and attached exhibits.

basis for federal claims having been exhausted.  The Court

2

said in *Rose v. Lundy*, 455 U.S. 509 (1982), citing *Ex parte Royall*, 117 U.S. 241, 251 (1866) "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation", federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Darr v. Burford*, 339 U.S. 200, 204 (1950)" In the case at bar, the petitioner gave the Alaska Supreme Court full and more than adequate notice of the federal claims that he raised.

The State has made an identical assertion as made to Claims 4 and 5, of no federal claim made, in Claim 6. In the body of the appeal brief to the Alaska Supreme Court, Berge cited *Doyle v. Ohio*, 426 U.S. 610 (1976), which case reversed the defendant's conviction based upon the application of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution to the prosecutor's comments on the defendant's failure to testify. (Ex. B, 9) The Claim 6 is a direct federal claim.

The State makes the same contention as to Claims 9 and

3

10, to wit: no federal claim, citing the pro per filing by John Berge (Ex. D, 6-8, 9-12).  The petitioner re-directs the Court's attention to the language of **Duncan v. Henry** @ 367, *supra,* in which the Supreme Court spoke of the substance of a federal claim being adequate to meet the standard for 2254 cases.  Here, the petitioner was obviously talking about the failure of his trial attorney to take appropriate action to file a motion to suppress highly incriminating evidence(Claim 9) and the stated violation of his "Sixth Amendment claim" (Ex. D. 9) (Claim 10).  As to the latter, petitioner cited the provision of the Sixth Amendment to the U.S. Constitution and therefore it is a federal claim and the former claim is the substance of a Sixth Amendment to the U.S. Constitution claim and should be so regarded under **Duncan**.

As to Claims 7 and 8, and even though the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254 provides for dealing with unexhausted claims, the petitioner wishes to withdraw his claims 7 and 8, *ab initio*, based upon **Rose v. Lundy**, 455 U.S. 509; 102 S. Ct. 1198; 71 L. Ed. 2d 379 (1982), which stated, …[prisoners…who "submit mixed petitions nevertheless are entitled to resubmit a petition with only exhausted claims…" @ 520.  Obviously, in the

4

interest of justice and the opportunity to resolve matters as expeditiously and fairly as possible, the petitioner can withdraw the unexhausted claims and leave the Court free to determine the other claims.  As to the claims other than 7 and 8, the petitioner understands that the State is asserting that the other claims are unexhausted, however, as argued above, petitioner strongly believes that he met the requirements of exhaustion in all other claims and that those claims should be considered on their merits.  This proposal to permit withdrawal is much more efficient than having the petitioner re-file his petition of exhausted claims under Habeas Rule 9, even though the one-year requirement of the AEDPA does not run until March 13, 2007, one year from the denial by the Alaska Supreme Court.  28 USC § 2254.

### CONCLUSION

For the reasons set out above, the petitioner respectfully requests That this Court allow the petitioner's request for a withdrawal of Claims 7 and 8, *ab initio*, and  deny the States Motion to Dismiss as to the remaining counts and grant the relief requested by the petitioner, for reversal of the conviction and remand for a new trial.

DATED at Anchorage, Alaska, this 4th day of December, 2006.

5

LAW OFFICES OF HUGH W. FLEISCHER
Attorney for Petitioner


By:_____S/Hugh W. Fleischer_____
            Hugh W. Fleischer
            AK Bar # 7106012
            Law Offices of Hugh W. Fleischer
            310 K. Street, Suite 200
             Anchorage, AK 99501
            (907) 264-6635
            (907) 264-6602 (fax)
             hfleisch@aol.com


9501/527

CERTIFICATE OF SERVICE

I certify that on the 4th day of
December, 2006, a true copy of the
foregoing was delivered electronically
to the following counsel:

Terisia K. Chleborad
Office of Special Prosecutions and Appeals
310 K. St., Suite 308
Anchorage, AK 99501


S/ Hugh W. Fleischer