Terisia Chleborad
Assistant Attorney General
Office of Special Prosecutions
  and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
E-mail: Terisia_Chleborad@law.state.ak.us

Attorney for Respondent Mark Antrim

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN BERGE III,<br><br>        Petitioner,<br><br>vs.<br><br>MARK ANTRIM, et al.<br><br>        Respondent. | Case No. 3:05-cv-00290-JWS<br><br>REPLY TO OPPOSITION TO MOTION TO DISMISS AMENDED PETITION FOR WRIT OF *HABEAS CORPUS* |

      Berge's petition should be dismissed because he failed to exhaust his state-court remedies on seven of his ten claims for relief. Berge agrees to the dismissal of claims (7) and (8). [Docket No. 55, at 4] But Berge has failed to exhaust his state-court remedies for claims (4), (5), (6), (9), and (10). Because the law does not permit a petition to include both exhausted and unexhausted claims, Berge's petition should be dismissed in its entirety.

A.   Claims (4) and (5)

Berge does not appear to dispute the respondent's argument that he was found to have forfeited claims (4) and (5) (regarding whether the right to counsel attached and his waiver of the right) based on state-law procedural requirements. Nor does he dispute that the Alaska Court of Appeals determination of claims (4) and (5) on state-law grounds (Berge's failure to seek a ruling on his right-to-counsel claims) constitutes an independent and adequate basis for precluding *habeas corpus* review of those claims. Berge simply contends that he argued in his petition for hearing to the Alaska Supreme Court that the claims were not forfeited. [Docket No. 55, at 1] Resolution of whether Berge forfeited his claims is immaterial to whether he may pursue his claim in federal court in a federal *habeas* action. What precludes Berge's claims from being maintained in this court is the fact that the claims were dismissed based on state law. *See Stewart v. Smith*, 536 U.S. 857, 860, 122 S.Ct. 2578, 2581 (2002).

When a criminal defendant's federal constitutional claim is denied based on the defendant's failure to comply with state-law procedures, the denial is made independent of federal law. *Stewart,* 536 U.S. at 860, 122 S.Ct. at 2581. The denial is not dependent on the merits of the defendant's federal constitutional law claim. *Id.*

The Alaska Court of Appeals determined that Berge forfeited his right-to-counsel claims by not seeking a ruling on those particular claims in the trial court. *See Berge v. State*, Mem. Op. & J. No. 4254, at 4 (Alaska App., August 2, 2000). Because the court of appeals' determination was based on a state-law procedural requirement, the court's decision was independent of federal law. *See Stewart*, 536 U.S. at 861, 122 S.Ct. at 2582. Berge has not argued that there is cause for allowing claims (4) and (5) to go forward, given that they were denied on state-law grounds. *See id*. This court should determine that Berge failed to exhaust his state-court remedies as to claims (4) and (5).

B.   Claims (4), (5), (6), (9), and (10)

Berge incorrectly argues that he raised claims (4), (5), (6), (9), and (10) as federal claims in the state courts of Alaska because he expressly based claims (1) through (3) on the federal constitution and federal case law and, therefore, the others were adequately identified as federal claims. [Docket No. 55, at 2-4] The authority that Berge cites in support of his argument supports the respondent and not Berge. *See Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887 (1995). [Docket No. 55, at 2]

Under *Duncan*, Berge's claims must be dismissed. In *Duncan*, the Supreme Court made it clear that in order to "fairly present" a claim, the

highest court must have been apprised that it was specifically being asked to address a federal constitutional issue and not a question of state law:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state law court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

513 U.S. at 365-66, 115 S.Ct. at 888.

Similarly, the Ninth Circuit explained in determining that a respondent had not raised federal claims of ineffective assistance of counsel in state court:

> If a party wants a state court to decide whether she was deprived of a federal constitutional right, she has to say so. It has to be clear from the petition filed at each level in the state court system that the petitioner is claiming the violation of the federal constitution and that the petitioner subsequently claims in the federal habeas petition.

*Galvan v. Alaska Dep't of Corrections*, 397 F.3d 1198, 1204 (9th Cir. 2005).

Galvan had based her claims of ineffective assistance of counsel in state court on state law set out in *Risher v. State*, 523 P.2d 421 (Alaska 1974). The Ninth Circuit rejected the argument that Galvan had exhausted her claims because *Risher* contained the same requirements for ineffective assistance of counsel that was required under federal law in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). The court explained that

the state-law standard in *Risher* differed from the federal law standard in *Strickland*. *Galvan*, 397 F.3d at 1203. Because Galvan had based her ineffective assistance of counsel claims on the state-law standard while in state court, she had not established that the state court violated her federal constitutional rights. *Id.*

Berge, like Galvan, based his claims of ineffective assistance of counsel (claims 9 and 10) solely on *Risher*. [*See e.g.*, Docket 45, Exhibit D at 20] Because Berge did not raise a federal claim of ineffective assistance of counsel in state court, he failed to exhaust his state-court remedies as to claims (9) and (10).

Berge's assertion that claim (6) (that the prosecutor illegally commented on Berge's right to remain silent through questions that the prosecutor asked of Berge on cross examination) is a "direct" federal claim is without merit. [Docket 55, at 3] In his petition to the Alaska Supreme Court, Berge argued that based on four decisions by the Alaska Supreme Court, that his conviction should have been reversed due to questions that the prosecutor had asked Berge. [Docket 46, Exhibit B at 9-11] In making that argument, Berge relied primarily on *Gunnerud v. State*, 611 P.2d 69 (Alaska 1980), a case that he discussed at length. [Docket 46, Exhibit B at 11]

As to claim (6), Berge's only reference to federal law was to include a citation to *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240 (1976), after a "*see also*" signal. The signal "*see also*" means that the cited authority constitutes additional source material for a proposition. *The Bluebook: A Uniform System of Citation* at 46 (18th ed. 2005). The signal is used after the authority that directly supports the proposition has been cited or discussed. *Id*. Berge's citation to *Doyle* did not exhaust his federal claim because he declared that the case was only additional supportive authority rather than a direct basis for his claim. *See Fields v. Waddington*, 401 F.3d 1018, 1021-22 (9th Cir. 2005) (when briefing rests on state law and includes a citation to a federal law without discussion of how the federal case law applies, the petitioner has failed to exhaust his state-court remedies as to the federal claim).

Similarly, Berge did not base claims (4) and (5) on federal law (claiming that the right to counsel arose when the complaint was filed against him and precluded the police from talking with him without counsel, and that he did not waive his right to counsel before talking to the police). In his petition to the Alaska Supreme Court, Berge cited to state law only. [Docket 46, Exhibit B at 7-8] Berge did not refer to or discuss any provision of the United States Constitution or federal case law. [*Id*.] Therefore, for this reason also, claims (4) and (5) are not exhausted.

C.  Conclusion

This court should dismiss Berge's petition for *habeas corpus* relief.

Dated February 5, 2007, at Anchorage, Alaska.

> TALIS J. COLBERG
> ATTORNEY GENERAL
>
> s/ Terisia K. Chleborad
>     Assistant Attorney General
>     State of Alaska, Dept. of Law
>     Office of Special Prosecutions
>         and Appeals
>     310 K St., Suite 308
>     Anchorage, Alaska 99501
>     Telephone: (907) 269-6250
>     Facsimile: (907) 269-6270
>     e-mail: Terisia_Chleborad@
>             law.state.ak.us
>     Alaska Bar. No. 8912091

## Certificate of Service

I certify that on February 5, 2007, a copy of the foregoing Reply to Opposition to Motion to Dismiss Amended Petition for Writ of *Habeas Corpus* was served on John Berge III, FCC/CCA, P.O. Box 6200, Florence, AZ 85232 by regular U.S. mail.

s/ Terisia K. Chleborad