UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN W. BERGE, III,<br><br>Petitioner,<br><br>vs.<br><br>MARC ANTRIM, et al.,<br><br>Respondent. | Case No. 3:05-CV-00290-TMB-DMS<br><br>**INITIAL REPORT AND RECOMMENDATION REGARDING RESPONDENTS' MOTION TO DISMISS [DOCKET 46]** |

    This Court has before it the Respondents' motion to dismiss the amended petition for writ of habeas corpus for failure to exhaust state court remedies (Docket, hereafter "Doc.", 46). The motion is made on the grounds that Petitioner failed to exhaust his state court remedies for several of his ten claims as required under 28 U.S.C. § 2254 and that a mixed petition containing exhausted and un-exhausted claims, must be dismissed. Berge filed an opposition (Doc. 55) withdrawing two of his claims and arguing that the rest were exhausted. Respondents filed a reply (Doc. 65) maintaining their position for dismissal. For the reasons that follow, Respondents' motion to dismiss should be denied and the parties should precede to briefing on the merits of the remaining claims.

### BACKGROUND

    The procedural background of this case does not appear to be disputed. In Superior Court for the State of Alaska in Ketchikan, a jury convicted Berge of first-degree murder for shooting Ernest Taylor; second degree theft for stealing Taylor's shotgun; and tampering with evidence for concealing the shotgun and the firearm used to kill Taylor.

The Court of Appeals for the State of Alaska affirmed Berge's convictions in an unpublished memorandum decision. See *Berge v. State,* Mem. Op. & J. No. 4254 (Alaska App., August 2, 2000) (Doc. 46, Ex. 2). Berge sought review of that decision and on August 9, 2000, through counsel James H. McComas, petitioned for hearing to the Alaska Supreme Court (Doc. 46, Ex. 3). The Alaska Supreme Court denied the petition.

Berge subsequently filed an application for post-conviction relief, alleging ineffective assistance of counsel at his trial in Superior Court. The Superior Court dismissed the application and Berge appealed to the Court of Appeals. He appeared *pro se.* The Court of Appeals affirmed the dismissal in an unpublished memorandum decision. See *Berge v. State,* Mem.Op. & J. No 8683 (Alaska App., April 20, 2005) (Doc. 46, Ex. 4). Berge sought review of the Court of Appeals decision in a *pro se* petition for hearing that he filed in the Alaska Supreme Court on May 2, 2005 (Doc. 46, Ex. 5). That petition was also denied.

## DISCUSSION

Berge's amended petition raised five issues (Doc. 23 at 2). Respondents' motion reorganized the five issues into ten claims (Doc. 46 at 4, 5). Berge's opposition to the motion (Doc. 55) addressed the issues in the ten-claim format used by Respondent. For convenience, this Court will discuss the issues in the ten-claim format. Berge has withdrawn Claims 7 and 8 in his opposition (Doc. 55 at 4), so those claims will not be discussed here.

The writ of habeas corpus can be granted only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Title 28 United States

Code §2254(d).

The Court can review the merits of the Petitioner's claims only if each claim was fairly presented to the state court to provide "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). "Fair presentation" of the federal claim to the state court usually requires that the federal issue be clearly identified in the state appellate court brief. *Baldwin v. Reese*, 541 U.S. 27 (2004), *Castillo v. McFadden*, 399 F. 3d 993 (9th Cir. 2005).

Clear identification of the federal claim requires that the defendant cite a relevant provision of the Federal Constitution; a federal case or statute on point; or a state case that provides a federal case analysis of the issue. *Fields v. Waddington* at 1021, citing *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000); *Peterson v. Lampert*, 319 F.3d 1153, 1157-8 (9th Cir. 2003). Failure to cite federal case law or mention the Federal Constitution in state court briefing is construed as a failure to alert the state court to the federal nature of the claim and will bar later review of the merits by Federal courts. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The petitioner must exhaust his state court remedies before seeking habeas relief in federal court. *Galvan v. Alaska Dep't. of Corrections*, 397 F.3d 1198, 1201-2 (9th Cir. 2005).

To determine whether the state courts had an opportunity to fully consider a federal claim, this Court is required to comb through state appellate briefs looking for a full discussion—or at the very least, a mention—of the federal rights or claim involved.

### Claims 1, 2 and 3

In Claim 1, Berge asserts that he was in custody when the troopers talked to him and therefore he should have been read his *Miranda* rights. Claim 2 is that Berge received an

inadequate *Miranda* warning and Claim 3 is that Berge did not waive his *Miranda* rights. Berge's position is that, based on these violations of *Miranda*, his statement should have been suppressed. (Doc. 23 at 9, 14, 15). Respondents do not dispute that Claims 1, 2, and 3 have been exhausted in state court (Doc. 46).

### Claims 4 and 5

In Claim 4, Berge asserts that a right to counsel arose when the criminal complaint was filed against him and that precluded the police from talking to him without counsel after that complaint was filed (Doc. 23 at 9, 16). In Claim 5, Berge asserts that he did not waive his right to counsel before he talked to the police (Doc. 23 at 18). Berge filed a motion to suppress the statement that he made to police based on two arguments: that his *Miranda* rights were violated and that his right to counsel arose when the complaint was issued against him and that he was denied that right (Doc. 46 at 6). The trial judge denied the motion to suppress, finding that Berge had not been in custody and therefore no *Miranda* right had attached. In denying the motion to suppress, the trial judge did not specifically mention Berge's right-to-counsel claim. Berge raised the right-to-counsel claims again in the Court of Appeals and that court held that Berge had forfeited the claims by not seeking a ruling in the trial court.

Respondents' position is that these claims have not been exhausted in that Berge forfeited the claims by failure to seek a ruling in the trial court on these issues; that habeas relief is not available when claims are waived in state court; and that Berge failed to base his claims on federal law in the Alaska Supreme Court. (Doc. 46 and 65.)

On direct appeal, Berge argued in his petition for hearing filed in the Alaska Supreme Court that he had not forfeited the claims (Doc. 46, Ex. B at 7). On the underlying merits

regarding waiver of *Miranda* rights, he cited *Miranda; Brewer v. Williams*, 430 U.S. 387, 340 and 404 (1977); and *Carnley v. Cochran*, 369 U.S. 506, 516 (1962). (Doc. 46, Ex. B at 7). His counsel also wrote:

> In addition to his *Miranda* claim, petitioner argued that his federal and/or state constitutional rights to counsel attached with the filing of the Felony Complaint, and that his subsequent interrogation violated those rights. This issue has not been resolved as a matter of federal law by the U.S. Supreme Court, nor by this Court.

Petition for Hearing on Direct Appeal (Doc. 46, Ex. B at 7-8). The Alaska Supreme Court denied Berge's petition.

When seeking post-conviction relief on this issue from the Alaska Supreme Court, Berge, appearing *pro se,* cited the Sixth Amendment Right to Counsel (Doc. 46, Ex. D at 9, 11, 12) and *Miranda* (Doc. 46, Ex. D at 9, 10), and stated:

> . . .This ruling would bring Alaska in line with Federal Rulings and other state rulings and be in agreement with the U.S. Constitution Bill of Rights upholding the individual's protection from the tyranny of oppressive governmental actions.

Petition for Hearing on Post-Conviction Relief (Doc. 46, Ex. D at 12). The Alaska Supreme Court was clearly on notice that Berge sought resolution of a federal claim. Claims 4 and 5 were exhausted in state court.

### Claim 6

In Claim 6, Berge asserts that the prosecutor illegally commented on Berge's right to remain silent in the criminal trial (Doc. 23 at 20-21, 34). Respondents' position is that Berge did not base this claim on federal law in his petition for hearing to the Alaska Supreme Court. (Doc. 46 and 65.) Berge did, however, cite *Doyle v. Ohio,* 426 U.S. 610 (1976) (Doc. 46, Ex. B at 11), in which the conviction was reversed following a similar argument. *See Castillo v. McFadden,* 399 F.3d, 993, 999 (9th Cir. 2005), which holds that a federal claim can be raised by citation to the

Federal Constitution or to either a state or federal case analyzing the Federal Constitutional issue the petitioner claims to have exhausted as required by 28 U.S.C. § 2254(b)(1)(A). Claim 6 has been exhausted.

### Claims 7 and 8

Claims 7 and 8 were withdrawn by Berge (Doc. 55 at 4, 5).

### Claims 9 and 10

**A.) Claim 9**

In Claim 9, Berge asserts an ineffective assistance of counsel claim due to counsel's failure to file a motion to suppress Berge's statements that were recorded under a Glass warrant (Doc. 23 at 4). Respondents argue that this claim was not exhausted because Berge failed to base the claim on federal law (Doc. 46 at 8).

In his *pro se* application for post-conviction relief to the Alaska Supreme Court, Berge argued Claim 9. When addressing the underlying merits, he relied primarily on state case law, but also cited the Fourth Amendment to the U.S. Constitution. (Doc. 46, Ex. D, at 8). He labeled this section of the brief, "First Issue: Assistant Public Defender David Seid was ineffective for failing to file a Motion to Suppress the Glass Warrant. . . ." (Doc. 46, Ex. D at 6). In this section, he did not cite to *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), which articulates the federal standard for ineffective assistance of counsel. Nor did he refer specifically to the Sixth Amendment.

**B.) Claim 10**

In Claim 10, Berge again argued ineffective assistance of counsel, this time due to counsel's failure to obtain a ruling on the motion to suppress that was based on Berge's right-to-

counsel argument (Doc. 23 at 4). Respondents argue that this claim was not exhausted because Berge failed to base the claim on federal law. In his application for post-conviction relief filed with the Alaska Supreme Court, Berge entitled this section, "Assistant Public Defender David Seid was ineffective for failing to obtain a ruling on Berge's Sixth Amendment claim." When discussing his right to counsel following the filing of a complaint, Berge cited the Sixth Amendment to the U.S. Constitution (Doc. 46, Ex. D at 9, 11, 12) and *Miranda* (Doc. 46, Ex. D at 9, 10). When concluding this section, Berge stated:

> This court needs to correct this mistaken ruling and to rule decisively that the Sixth Amendment Right to Counsel attaches at the beginning of Adversarial Judicial Proceedings, which in Alaska is the filing of the complaint. . . . This ruling would bring Alaska in line with Federal Rulings and other state rulings and be in agreement with the U.S. Constitution Bill of Rights upholding the individual's protection from the tyranny of oppressive governmental actions.

Post-Conviction Application to the Alaska Supreme Court (Doc. 46, Ex. D at 12). However, Petitioner failed to cite the federal *Strickland v. Washington* standard or expressly state in pages 9-12 that this claim of ineffective assistance of counsel relied upon federal and state law.

However, later in the application, when discussing a third allegation of ineffective assistance of counsel related to the failure to obtain ballistics testimony, Berge cited *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 2066 (1984) regarding a defense attorney's duty to investigate and he cited the Sixth Amendment right to counsel in relation to his ineffective assistance claim (Doc. 46, Ex. D at 20). He concluded this section, stating:

> . . . The IAC's [Intermediate Appellate Court's] ruling on this issue attempts to justify injustice and flies in the fact of long established federal precedence that safeguards every citizen's Sixth Amendment right to effective assistance of counsel. To convict a person on the basis of a fictional story that could not happen is wrong. . . . .

Post-Conviction Application to Alaska Supreme Court (Doc. 46, Ex. D at 20).

In *Castillo v. McFadden,* 399 F.3d 993 (9th Cir. 2005), the Court concluded that ". . .citation of a relevant federal constitutional provision in relation to some other claim does not satisfy the exhaustion requirement," citing *Baldwin v. Reese,* 541 U.S. 27 (2004) (holding that a petitioner had failed to exhaust his available state remedies when he referenced the Sixth Amendment in relation to his claim that trial counsel was ineffective, but failed to reference it again in respect to his separate claim for ineffective assistance of appellate counsel). However, when petitioners appear *pro se*, their petitions may be viewed more leniently for exhaustion purposes. See *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003), *cert. denied*, 541 U.S. 956 (2004); *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).  It strains credulity to believe a *pro se* litigant decided to rely upon federal law for one of three claims of ineffective assistance of counsel, but not for the others.  When the application is read in its entirety, the Alaska Supreme Court was on notice that Berge's claims of ineffective assistance of counsel were based on federal law, as well as state law.  *See Sanders v. Ryder* at 999.

## CONCLUSION

For the foregoing reasons it is recommended that the Respondents' motion to dismiss amended petition for writ of habeas corpus for failure to exhaust state court remedies (Doc. 46) be denied. All surviving claims: 1-6 and 9 and 10 were exhausted in state court.

Dated this 30th day of September, 2007, at Anchorage, Alaska.

      /s/ Deborah M. Smith
Deborah M. Smith
United States Magistrate Judge

Pursuant to Federal Rule of Civil Procedure 72(b), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than the close of business on **October 15, 2007.** The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *McCall v. Andrus,* 628 F.2d 1185, 1187-1189 (9thCir.) *cert. denied,* 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell,* 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed five (5) pages in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Responses to the objections shall be filed no later than the close of business on **October 30, 2007.**

Reports and Recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. *See Hilliard v. Kincheloe,* 796 F 2d 308 (9th Cir. 1986).