IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT KETCHIKAN

| | |
|---|---|
| STATE OF ALASKA, ) | |
| Plaintiff, ) | FILED... STATE OF ALASKA, FIRST DIST... AT KETCHIKAN |
| v. ) | MAR 1 1 1998 |
| JOHN W. BERGE, III, ) | Clerk of the Trial Court By ............ Deputy |
| Defendant. ) | |
| ) | No. 1KE-97-1085 CR |

### MEMORANDUM AND ORDER

The defendant, John Berge, has filed a motion to suppress evidence and a motion to dismiss the indictment. Berge was indicted on charges of murder in the first degree, theft, and tampering with evidence. He asks that the interview conducted by the Alaska State Troopers immediately prior to his arrest on September 14, 1997 be suppressed because, he claims, he was in custody and was not initially advised of his constitutional rights. After he was advised of his rights, he claims that he did not make a knowing, intelligent and voluntary waiver of those rights before questioning resumed. He challenges the indictment in the case because, he claims, the prosecutor failed to present exculpatory evidence to the grand jury; because the investigating trooper gave inappropriate testimony regarding Berge's credibility; and because evidence supporting the charges of theft and tampering, in the form of Berge's taped statements, was not corroborated. For the reasons set

out below, the motion to suppress and dismiss will be denied.

With regard to the September 14 interview, the encounter between the Alaska State Troopers and Berge was clearly non-custodial as that term is defined in the cases. While there are several indicia of custody, they are indicia that are common to virtually every police interrogation: The interrogators are <u>police</u>, representatives of the authority of the state; the interview took place in a location that was sought to provide some privacy or quietude, thereby separating the interviewee from the general population; and one officer patted Berge down for weapons before they all climbed into the officers' van to talk. That is essentially where the indicia of custody end. Contrary indicators are the following: The officers were in civilian attire; they did not present the "power" of a suit but dressed instead in sport clothes. The officers, while armed, wore their weapons concealed and there is no evidence in the record that the weapons were ever exposed to or seen by Berge. The officers approached the defendant after getting out of an unmarked van on a semi-residential street and began a conversation with him about the decedent in a very low-key, non-threatening fashion. Because the road noise on the street was substantial, they asked Berge to join them in the van to continue the conversation. Before Berge entered the van he was patted down for weapons, but the officers minimized the significance of the pat down and described it as routine. Berge entered the vehicle on his own and sat in the front seat on the passenger side

while one trooper entered the vehicle from the other side and the other trooper entered the rear seat through the sliding side door. The tone of the interview was initially friendly and always informal and courteous. Even when the officers became briefly accusatory, they continued to be even-toned and even-tempered, never raising their voice and never threatening the defendant. That Berge was uncomfortable as the encounter proceeded is certain, but there is no substantial evidence to support a claim that this interview was custodial. The two tapes of the interview are remarkable in their relaxed, informal tone throughout.

Because the interview was not custodial, <u>Miranda</u> warnings were not required and the court need not decide whether there was a waiver of rights after the <u>Miranda</u> warnings.

With regard to the grand jury proceedings, the court is satisfied that there was an adequate presentation of exculpatory evidence. The court is also not convinced that any other claimed irregularities in the testimony of the investigating trooper justifies dismissal of the indictment in this case. Even if it were inappropriate for the investigating trooper to testify about the defendant's "lie," there would remain very compelling evidence supporting the indictment after striking the objectionable testimony; and the court is not satisfied that the reference to the defendant's "lie," if improper, so tainted the grand jury that it ignored weaknesses in the presentation that would otherwise have caused it to decline to issue a true bill. Other evidence presented

by the state was very strong such that the investigating troopers' testimony likely made little difference in the ultimate outcome. Viewed overall, the court believes that the decision to indict the defendant was a fair, untainted one.

With regard to the claim that the state failed to corroborate the defendant's inculpatory statement that he committed a theft and tampered with evidence, the court is satisfied that the confession corroboration requirement, like the requirement that accomplice testimony be corroborated, applies at trial but not before the grand jury.

For the above stated reasons,

**IT IS ORDERED** that the motion to dismiss and suppress is denied.

Dated at Ketchikan, Alaska, this 11th day of March, 1998.

Thomas M. Jahnke
Superior Court Judge

CERTIFICATION
Copies Distributed
Date 03-11-98
To David Seid
Steve West
By

4
*Alaska Court System*

**EXHIBIT E**
PAGE 4 OF 4

000018